■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MYRON LEE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 21, 1988, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

As the People made it clear from the outset that they did not intend to call a certain individual as a witness, they were not obligated to furnish the defense with his entire Grand Jury testimony or the transcript of a tape-recorded telephone conversation he had with the prosecutor (see, CPL 240.45 [1] [a]). The material claimed by the defendant to have been wrongfully withheld was not discoverable material, as it was not exculpatory and did not relate to the issue of the defendant's guilt. Further, the defendant was amply apprised of this witness's prior statements through other materials which had been provided by the prosecution (see, People v Gissendanner, 48 NY2d 543, 551).

No objection was taken to the prosecution's summation, thereby leaving any issue of law with respect thereto unpreserved for appellate review (see, People v Nuccie, 57 NY2d 818; People v Medina, 53 NY2d 951; People v Turner, 141 AD2d 878; People v Koleskor, 131 AD2d 879; People v Simmons, 112 AD2d 173). While some of these remarks were better left unsaid, we do not find that reversal of the conviction in the exercise of our interest of justice jurisdiction is warranted. The majority of the comments made during summation were responsive to that portion of the defense counsel's summation which stressed the implausibility of the scenario set forth by the complainant (see, People v Galloway, 54 NY2d 396; People v Marks, 6 NY2d 67, cert denied 362 US 912; People v Martin, 112 AD2d 387).

We find that the sentence imposed was neither harsh nor excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and conclude that they are without merit. Eiber, J. P., Harwood, Balletta and O'Brien, JJ., concur.