■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERTO ALEJANDRO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered July 15, 1988, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that the prosecutor's opening statement to the jury was legally deficient and, thus, the trial court erred in denying his motion to dismiss the indictment at the close of that statement. We disagree. The facts set forth by the prosecutor in his opening statement sufficiently apprised the jury of the prospective evidence to be offered to establish the crimes of which the defendant was convicted, namely, murder in the second degree and criminal possession of a weapon in the second degree *(see, Matter of Timothy L.,* 71 NY2d 835; *People v Tzatzimakis,* 150 AD2d 512; *see generally, De Vito v Katsch,* 157 AD2d 413, 419-420). Accordingly, the defendant's motion to dismiss the indictment was properly denied.

We further find that the trial court's "natural and probable consequences" charge on the issue of intent did not violate *Sandstrom v Montana* (442 US 510). The court instructed the jury that it "may infer, that a person intends the natural, reasonable and probable consequences of his act" *(People v Renzulli,* 100 AD2d 945). In addition, the court instructed the jury that intent "exists when a person has a conscious objective to cause the act with which he is charged," and advised the jury that "the burden is on the People to prove the intent of the defendant, beyond a reasonable doubt". Thus, the charge, read as a whole, did not violate the principles set forth in *Sandstrom v Montana* (442 US 510, *supra; see also, People v Smith,* 87 AD2d 640).

The defendant next claims that the trial court abused its discretion when it denied his request for the imposition of a sanction based on the failure of two detectives to preserve their notes, which allegedly constituted *Rosario* material. The claim is without merit. "Pursuant to *People v Rosario* (9 NY2d 286[, cert denied 368 US 866]), the prosecution is required to turn over any pretrial statement made by a prosecution witness relating to the subject matter of the witness's testimony" *(People v Williams,* 165 AD2d 839, 840). Since the two detectives did not testify at trial, their notes were not *Rosario* material, and the defendant was not entitled to them *(see, People v Gardner,* 162 AD2d 466).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Eiber, J. P., Rosenblatt, Miller and Ritter, JJ., concur.