■ In the Matter of ANDREW T., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Demarest, J.), dated November 16, 1988, which, upon a fact-finding order of the same court, dated September 28, 1988, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of robbery in the first degree, robbery in the second degree, petit larceny, and menacing, adjudged him to be a juvenile delinquent, and placed him on probation for a period of one year. The appeal brings up for review the fact-finding order dated September 28, 1988.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's adjudication as a juvenile delinquent stems from his participation in the knife-point robbery of an 11-year-old boy. On appeal, he contends that he was deprived of a fair hearing because the presentment agency violated the *Rosario* rule by failing to turn over a tape recording of an emergency

"911" telephone call made by the complainant's mother, who reported the robbery to the police. We disagree. Pursuant to *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866), the prosecution is required to turn over any pretrial statement made by a prosecution witness relating to the subject matter of the witness's testimony. Contrary to the appellant's contention, however, the tape recorded statement made by the complainant's mother did not constitute *Rosario* material since she was not called as a witness at the fact-finding hearing *(see, People v Williams,* 165 AD2d 839, *affd* 78 NY2d 1087; *see also, People v Alejandro,* 175 AD2d 873; *People v Lee,* 167 AD2d 354). We further note that the *Rosario* rule does not encompass "hearsay, rumor or gossip, attributable to a witness" *(People v Williams, supra,* at 841), and that any hearsay information concerning the robbery contained in the emergency 911 tape could not have been used to impeach the complainant at the hearing. Accordingly, the presentment agency's failure to turn over the subject tape to the appellant was not a violation of the *Rosario* rule *(see, People v Williams, supra).*

Further, upon our review of the record, we find that the Family Court did not improvidently exercise its discretion in sentencing the appellant to a period of probation *(see, Matter of Katherine W.,* 62 NY2d 947). Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.