■ The People of the State of New York, Respondent, v Francisco Pinto, Also Known as Angel Francisco, Appellant. [652 NYS2d 28] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered July 19, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction of criminal possession of a controlled substance in the third degree and dismissing that count of the indictment, and reducing the sentence on the conviction of criminal sale of a controlled substance in the third degree to a term of 5 to 10 years, and otherwise affirmed.

The verdict was not against the weight of the evidence. The issues raised by defendant concerning purported inconsistencies in the officers' testimony were properly placed before the jury and we find no reason to disturb its findings (see, People v Gaimari, 176 NY 84).

Defendant's challenges to the People's summation are not preserved for appellate review (see, People v Balls, 69 NY2d 641), and we decline to review them in the interest of justice. Were we to review them, we would find the challenged statements fair and responsive to defense counsel's summation (see, People v Galloway, 54 NY2d 396).

Since both the conviction on the third-degree criminal sale count and the conviction on the third-degree criminal possession count were based on the same five vials purchased by the undercover officer, the latter should be dismissed in the inter-

est of justice as a non-inclusory concurrent count (*see, People v Gaul,* 63 AD2d 563, *lv denied* 45 NY2d 780).

We find the sentence on the remaining conviction excessive to the extent indicated. Concur—Ellerin, J. P., Wallach, Nardelli, Rubin and Mazzarelli, JJ.