■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA SYDNOR, Appellant. [679 NYS2d 832] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered April 29, 1997, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a controlled substance in the third degree, and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the trial court erred in failing to impose a *Rosario* sanction on the People is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Rogelio,* 79 NY2d 843; *People v Johnson,* 167 AD2d 422). In any event, the lost photograph of the defendant's identification card and the

attached subject data sheet which listed his pedigree did not constitute *Rosario* material (*see,* CPL 240.45 [1]; *People v Rosario,* 9 NY2d 286, *cert denied* 386 US 866; *People v Brock,* 246 AD2d 406; *People v Wilson,* 210 AD2d 520).

However, as correctly conceded by the People, the defendant's conviction for criminal possession of a controlled substance in the third degree was a concurrent inclusory count of one of the counts of criminal sale of a controlled substance in the third degree (*see, People v Sea,* 49 NY2d 1032; *People v Robinson,* 45 NY2d 448; *People v Pinto,* 235 AD2d 261; *People v Lee,* 196 AD2d 509). Therefore, the defendant's conviction of criminal possession of a controlled substance in the third degree must be vacated and that count of the indictment dismissed. Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.