■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JACKSON, Appellant. [707 NYS2d 128] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered October 19, 1998, convicting him of grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Defense counsel's challenge for cause of a potential juror who repeatedly indicated that he needed to "hear both sides of the story" before making a decision was rejected by the trial court. The court failed to conduct further inquiry, and the juror never unequivocally stated that he could render an impartial

verdict based on the evidence presented (*see, People v Blyden,* 55 NY2d 73). Defense counsel exercised a peremptory challenge against this juror, and exhausted all peremptory challenges before the end of jury selection. The defendant was thereby prejudiced, requiring a new trial (*see, People v Sumpter,* 237 AD2d 389).

The defendant also contends that an audio tape recording of a telephone call to the 911 emergency number, reporting the crime in question, was *Rosario* material and that the failure to preserve the tape required that an adverse inference charge be given. Where the tape of a 911 call is not preserved and the defendant is prejudiced thereby, the court must impose an appropriate sanction and the failure to do so requires reversal (*see, People v Joseph,* 86 NY2d 565; *People v Burch,* 247 AD2d 546). However, the *Rosario* rule applies to statements made by a witness, and its purpose is to allow cross-examination of that witness as to discrepancies between trial testimony and the statement made at the time of the crime (*see, People v Rosario,* 9 NY2d 286). In this case, the caller to the 911 number was not a witness at trial. In fact, the caller was unknown and, therefore, the *Rosario* holding does not apply (*see, Matter of Andrew T.,* 182 AD2d 630). Thompson, J. P., Krausman, Florio and Schmidt, JJ., concur.