THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN MOORE, Appellant. [814 NYS2d 277]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Leventhal, J.), rendered March 15, 2004, convicting him of robbery in the first degree, assault in the first degree, and burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Adams*, 18 AD3d 567 [2005]).

Contrary to the defendant's contention, the prosecutor's comment about a photograph during summation did not impermissibly shift the burden of proof. The challenged remark was

responsive to the defense counsel's summation (*see People v Galloway,* 54 NY2d 396, 399-400 [1981]), within the bounds of permissible rhetorical comment, and constituted fair comment on the evidence (*see People v Justino,* 26 AD3d 345 [2006], *lv denied* 6 NY3d 835 [2006]; *People v Urena,* 24 AD3d 693 [2005], *lv denied* 6 NY3d 819 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]).

The defendant's pro se contention that his statutory right to release from pretrial detention on speedy trial grounds (*see* CPL 30.30 [2]) has been rendered academic by the trial and judgment of conviction (*see People ex rel. Chakwin v Warden, N.Y. City Correctional Facility, Rikers Is.,* 63 NY2d 120, 125 [1984]).

The defendant's contention in his pro se brief regarding 911 audiotapes is unpreserved for appellate review (*see People v Sydnor,* 254 AD2d 508 [1998]) and, in any event, no *Rosario* violation (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) occurred as the 911 callers never testified at the trial (*see* CPL 240.45 [1]; *People v Simons,* 280 AD2d 688 [2001]; *People v Jackson,* 271 AD2d 455, 456 [2000]).

The defendant's contention raised in his supplemental pro se brief that evidence concerning counts of which he was acquitted prejudicially "spilled over" to counts of which he was convicted is unpreserved for appellate review and without merit (*see People v Baghai-Kermani,* 84 NY2d 525, 532 [1994]; *People v Clarke,* 7 AD3d 537 [2004]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are without merit. Schmidt, J.P., Skelos, Lunn and Dillon, JJ., concur.