OPINION OF THE COURT

Per Curiam.

Judgment of conviction rendered June 7, 1979 affirmed.
Even though the information charged the defendant with assault with a knife, evidence that defendant had attempted to run the victim down with a vehicle was admissible as evidence of defendant’s intent to injure the complainant; evidence of a pattern or continuing plan or scheme to inflict injury is admissible (People v Molineux, 168 NY 264; Richardson, Evidence [10th ed], § 170, p 140).
*443 We have held, however, that a defendant is “entitled to be tried according to the actions described in the information” (People v Ortiz, NYLJ, June 24, 1980, p 11, col 1 [App Term]). The information made no mention of any vehicular attack by the defendant upon the complainant. The jury might thus have been misled as to the nature of the charges against the defendant — as the defendant now argues the jury was — by the court’s observation in its charge that a “dangerous instrument” may under certain circumstances include a “vehicle”, were it not for curative instruction which followed: “before the defendant may be convicted of this charge [weapons], the district attorney must establish the following elements beyond a reasonable doubt; that the defendant had in her possession a knife, that she intended to use the same unlawfully against another.” Significantly, no exceptions were taken by the defendant to the charge, and no amount of speculation warrants a conclusion, at this juncture, that the conviction of the weapons charge was based on the possession of a vehicle rather than a knife.
The defendant further argues on appeal that the acquittal of the charge of assault and the conviction of the charge of weapons possession constituted an irreconcilable and repugnant verdict requiring dismissal of the weapons conviction. We disagree. The complainant testified that the defendant came at him “with a knife in her hand”, in a striking position. The jury was entitled to conclude, on the one hand, that the stabbing of the complainant had been precipitated by the complainant’s counterattack with a stick and, on the other, that the defendant had committed the crime of wrongful possession even before the complainant grabbed the stick.
In People v Curinaj (65 AD2d 705), the court found no repugnance in a verdict of acquittal on a charge of attempted murder and assault and a conviction for unlawful possession of a weapon. In People v Averhart (72 AD2d 931), the court noted that “Justification was not a defense to the possession count *** because physical force is not an element of that crime.” There is in fact no identity of elements in the crimes of assault and weapons possession (cf. People v Kass, 74 Misc 2d 682, affd 32 NY2d 856). The *444 latter crime is committed by merely possessing a weapon with a wrongful intent. Assault, third degree (Penal Law, § 120.00, subd 1), is committed only when one actually uses that weapon with an intent to cause physical injury further, and only when he actually does cause injury, defined as either substantial pain or physical impairment (Penal Law, § 10.00, subd 9).
The verdict was thus not inconsistent because the crimes do not contain identical elements nor is acquittal of assault rationally irreconcilable with a weapons possession conviction (People v Dercole, 72 AD2d 318, 333).
Concur: Dudley, P. J., Hughes and Asch, JJ.