■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SCARPELLI, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered October 14, 1983, convicting him of burglary in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Edward Duelfer, one of the complaining witnesses, testified at the trial that the value of the items taken from his home in the incident forming the basis of the charges at bar was $800. In an effort to impeach Duelfer, defense counsel questioned him with regard to a sworn statement Duelfer had made that his loss was $25,000. The sworn statement was in fact taken from the verified counterclaim interposed by Duelfer in an action for false arrest brought against him by the defendant and his codefendant.

On redirect, Duelfer was asked the result of that action. Over defense counsel's objection, Duelfer answered, "The Court—how can I phrase it—found that I was not guilty of false arrest". In response to further questioning, Duelfer testified, "I had the right to bring them to court and sue them if I wanted to".

After a recess in the trial, and a colloquy between the Trial Judge, the prosecutor, and defense counsel, the Trial Judge struck from the record any reference to the civil action and to Duelfer's knowledge of the civil action. The court instructed the jury that it was not to consider any aspect of any such civil action, stating, *inter alia,* "It is really quite immaterial to our purposes in reference to this particular case as to what if any decision was made in some other action".

While it was error to admit Duelfer's responses concerning the civil action, in that such testimony tended to negate the presumption of defendant's innocence *(cf. Taylor v Kentucky,* 436 US 478; *People v Roldos,* 112 AD2d 388), any error was obviated by the thorough curative instructions given by the court *(see, People v Safian,* 46 NY2d 181, 190, *cert denied sub nom. Miner v New York,* 443 US 912).

In any event, we note that the proof of defendant's guilt was overwhelming. Both complaining witnesses, Edward Duelfer and his wife, Mary Duelfer, testified that they saw the defendant and his codefendant (defendant's brother), their close neighbors for 11 years, running from their apartment. Moments later, when entering the apartment, the Duelfers learned that it had been burglarized.

We have considered defendant's remaining contentions and find them to be without merit. Lazer, J. P., Bracken, Weinstein and Kunzeman, JJ., concur.