■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SCARPELLI, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered October 14, 1983, convicting him of burglary in the second degree, grand larceny in the third degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's claim, the People's effort to impeach the credibility of his mother, an alibi witness, regarding her failure to come forward to law enforcement officials with the exculpatory information to which she testified at trial was proper. The prosecutrix's inquiry was conducted in good faith after a bench conference during which defense counsel disclosed that he did not formally advise any potential alibi witnesses to refrain from speaking until nearly three months after the arrest *(see, People v Dawson,* 50 NY2d 311, 323). A proper foundation for this line of questioning was laid and the trial court properly instructed the jury that the alibi witnesses had no duty to volunteer exculpatory information and that the witnesses' prior failure to come forward could be considered only for impeachment purposes *(see, People v Dawson, supra,* at 321-323). In short, the dictates of the *Dawson* decision were in all respect complied with.

We have examined the defendant's remaining contentions and find them to be without merit *(see, People v Scarpelli,* 117 AD2d 686). Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.