■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY M. SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered September 3, 1987, convicting him of burglary in the third degree, petit larceny, reckless endangerment in the

second degree and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he was denied effective assistance of counsel due to his trial counsel's waiver of a *Huntley* hearing and failure to request a *Mapp* hearing. The record, however, clearly shows that counsel's waiver of a *Huntley* hearing was made pursuant to a strategy to disassociate the defendant from several of the underlying charges of which he was eventually convicted. It is well settled that "[a] contention of ineffective assistance of trial counsel requires proof of less than meaningful representation, rather than simple disagreement with strategies and tactics" *(People v Rivera,* 71 NY2d 705, 708-709). It is also well accepted that a reviewing court should generally refrain from second-guessing trial tactics employed by a defense attorney *(see, People v Baldi,* 54 NY2d 137; *People v Outler,* 118 AD2d 819). In addition, to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate "the absence of strategic or other legitimate explanations for [trial] counsel's failure to request a particular hearing. Absent such a showing, it will be presumed that counsel acted in a competent manner and exercised professional judgment in not pursuing a hearing" *(People v Rivera, supra,* at 709). The defendant herein made no such showing with respect to his trial counsel's failure to request a *Mapp* hearing, and therefore, his contention with respect to this claim must fail *(see also, People v Boero,* 117 AD2d 814, 815).

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]). Brown, J. P., Lawrence, Eiber and Kooper, JJ., concur.