THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANDREAS TZATZIMAKIS, Respondent.—Appeal by the People from an order of the County Court, Suffolk County (Rohl, J.), dated October 22, 1987, which granted the defendant's motion to dismiss the indictment on the ground of the prosecutor's failure to state a prima facie case in his opening statement.

Ordered that the order is reversed, on the law, the motion is denied and the indictment is reinstated.

The defendant was charged with insurance fraud in the third degree (Penal Law § 176.20; *see also,* Penal Law § 176.05). A nonjury trial was commenced and, therefore, the prosecutor was not required to deliver an opening statement (CPL 320.20 [3] [a]; *People ex rel. Jones v Abrams,* 114 AD2d 481; *Matter of Kopilas v People,* 111 AD2d 174). Nevertheless, the prosecutor elected to do so. Following the opening address, the trial court granted the defendant's motion to dismiss the indictment based on the prosecutor's failure to set forth a prima facie case in his opening statement.

In the opening statement, the prosecutor "generally should set forth the nature of the. charge against the accused and state briefly the facts he expects to prove, along with the evidence he plans to introduce in support of the same" *(People v Kurtz,* 51 NY2d 380, 384, *cert denied* 451 US 911). The Court of Appeals has further stated that "[t]he well-settled rule in criminal jury cases * * * is that a trial court may not dismiss after opening unless it shall appear from the statement that the charge cannot be sustained under any view of the evidence and it may dismiss then only after the prosecutor has been given an opportunity to correct any deficiency" *(Matter of Timothy L.,* 71 NY2d 835, 837-838). The rule was held applicable in *Matter of Timothy L.* to a nonjury proceeding.

We are not persuaded that this is a case contemplated by the foregoing rule where dismissal was appropriate because all the facts alleged in the prosecutor's opening, if proved, would be insufficient to establish the crime charged. Although

the opening statement was not a model of clarity, it sufficiently described, both directly and by appropriate inference, the nature of the charge, the facts to be proved and the evidence to be submitted in support of them *(People v Kurtz, supra; see, People v Adams,* 139 AD2d 794; *People v Brown,* 104 AD2d 696; *People v Coppa,* 65 AD2d 581). Accordingly, the opening was adequate and the indictment should be reinstated. Mangano, J. P., Thompson, Bracken and Eiber, JJ., concur.