■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE OLIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered December 2, 1987, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree. Based upon the testimony of the defendant, the jury was charged on the defense of justification. The jury subsequently acquitted the defendant on both assault counts, but found him guilty on the weapon possession charge. The defendant contends that the verdict was repugnant, in that the jury, in accepting his claim of justification in the actual use of the knife could not logically have found that he previously possessed the weapon with the intent to use it illegally.

Evidence adduced on the People's case tended to prove that the defendant intended to rob the complainant and his companion when he initially entered the building lobby, demanding money and the substance known as "crack". The complainant's companion testified that in the ensuing argument, the defendant unsheathed the knife, holding it briefly in a threatening manner. There was conflicting testimony as to who in fact initiated the actual fight. The defendant testified that the complainant struck him first and that another resident of the building joined in on the complainant's behalf. The

defendant admitted to then unsheathing his knife and stabbing both individuals, the complainant seriously.

In light of the evidence put forth, the jury was entitled to conclude that the defendant initially possessed the knife with the intent to use it unlawfully, but that the turn of events justified his subsequent actual use of the knife in self-defense (*see, People v Pons,* 68 NY2d 264, 267-268; *People v Carrion,* 136 AD2d 649, 650; *People v Colon,* 109 Misc 2d 442, 443-444). Therefore, the verdict was not repugnant.

We find no merit to the defendant's remaining contentions. Mangano, J. P., Bracken, Sullivan and Balletta, JJ., concur.