■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY VULPIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered April 27, 1990, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant maintains that the prosecutor's opening statement to the jury was legally deficient and, thus, the trial court erred in denying his motion to dismiss the indictment at the close of that statement. We disagree. The facts described by the prosecutor in his opening statement were sufficient to establish the crime of which the defendant was convicted, namely, criminal possession of a weapon in the fourth degree (see, Matter of Timothy L., 71 NY2d 835; People v Tzatzimakis, 150 AD2d 512). Accordingly, the defendant's motion to dismiss the indictment was properly denied.

Further, the evidence was sufficient to support the jury's

finding that the defendant possessed a dangerous instrument with the intent to use it unlawfully against another *(see, Penal Law § 265.01 [2])*. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5])*.

Viewing the evidence in light of the trial court's instructions as to the elements of each crime, the guilty verdict on the criminal possession of a weapon charge was not repugnant to the acquittal of assault in the second degree *(see, People v Tellone,* 155 AD2d 631; *see also, People v Olivera,* 157 AD2d 676). Nor was the defendant's acquittal of criminal mischief in the fourth degree repugnant to his conviction of criminal possession of a weapon in the fourth degree, as those crimes do not share identical elements *(see, People v Tucker,* 55 NY2d 1; *People v McNair,* 147 AD2d 593, 594; *People v Barfield,* 138 AD2d 497). Thompson, J. P., Bracken, Lawrence and Eiber, JJ., concur.