■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL PROFIT, Appellant. [606 NYS2d 745] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Eng, J.), rendered March 10, 1992, convicting him of criminal sale of a controlled substance in the third degree under Indictment No. N12118/91, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered March 10, 1992, revoking a sentence of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing a term of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Superior Court Information No. N10300/88.

Ordered that the judgment and amended judgment are affirmed.

The trial court did not err in denying the defendant's request for a missing witness charge with respect to the undercover officer's "ghost", who was assigned to observe the activities of the undercover officer. The record indicates that the sale took place inside a building and there is no evidence that the uncalled officer ever viewed the defendant or observed any part of the drug transaction. Consequently, the defendant failed to sustain his initial burden of making a prima facie showing of entitlement to a missing witness charge *(see, People v Kitching,* 78 NY2d 532; *People v Everette,* 167 AD2d 350).

The defendant's claims of prosecutorial misconduct are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit.

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

In view of our determination, there is no basis for vacatur of the adjudication that the defendant violated the terms of his probation under Superior Court Information No. N10300/

88 *(cf., People v Clark,* 45 NY2d 432). Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.