■ The People of the State of New York, Respondent, v Luke Cooper, Appellant. [624 NYS2d 3] —Judgments, Supreme Court, New York County (Alfred Kleiman, J.), rendered October 29, 1991, convicting defendant, after a jury trial, of burglary in the third degree, and, upon his plea of guilty, of burglary in the third degree, and sentencing him as a second felony offender, to concurrent terms of 2½ to 5 years, unanimously affirmed.

Defendant fails to "demonstrate the absence of strategic or other legitimate explanations for counsel's failure to request a [Huntley] hearing" (People v Rivera, 71 NY2d 705, 709) with respect to the statements defendant made to building security personnel, and thus there is no merit to his claim that he was deprived of effective assistance of counsel. No legal basis existed for the suppression of these statements (see, People v Ray, 65 NY2d 282), which were actually used as part of defendant's trial strategy.

Defendant's claim that the court's instructions to the jury, that the security personnel were not required to read Miranda warnings to defendant, effectively directed the jury to find that his statements to the security personnel were voluntary is both unpreserved and without merit. His claim that the court should have charged the jury sua sponte on the voluntariness of such statements, is unpreserved for appellate review, as a matter of law (CPL 470.05 [2]). We decline to review it in the interest of justice in the absence of evidence sufficient to create a factual question on the issue of voluntariness (see, People v Luis, 189 AD2d 657, 659, citing, inter alia, People v Cefaro, 23 NY2d 283). Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Mazzarelli, JJ.