■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL VITTA, Appellant. [631 NYS2d 917] —Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered October 29, 1993, convicting him of assault in the third degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

The court properly denied the defendant's request for a justification charge since there was no reasonable view of the evidence to support a justification defense (see, People v Reynoso, 73 NY2d 816). The victim, a bar manager, and several employees and patrons of the bar testified that the defendant struck the victim in the face with a beer bottle when the victim, with his hands at his side, asked the defendant to stop playing with the bar's computer. Contrary to the defendant's contention, the testimony of his girlfriend, who did not see the assault, and one patron who saw the bleeding victim throw a punch, did not warrant a justification charge.

Nor do we find merit in the defendant's contention that the verdict is repugnant. A comparison of the elements of the crimes as charged to the jury establishes that the acquittal of the charges of assault in the second degree (Penal Law § 120.05 [1], [4]) does not necessarily negate any of the elements of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]; see, People v Tucker, 55 NY2d 1). The jury may have found that the defendant possessed the beer bottle and intended to use it unlawfully but ultimately did not use it to injure the victim (see, People v Johnson, 70 NY2d 819; People v Olivera, 157 AD2d 676). Moreover, the verdict appears to have been motivated by leniency. Such a "compromise" verdict is not a ground for reversal provided the verdict is not repugnant as a matter of law (see, People v Tucker, supra; People v Martinez, 201 AD2d 671).

The defendant's remaining contentions are without merit. Sullivan, J. P., Rosenblatt, Thompson and Ritter, JJ., concur.