■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD CARTER, Appellant. [670 NYS2d 542] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered February 8, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted for two counts of murder in the second degree, i.e., intentional and depraved indifference murder (Penal Law § 125.25 [1], [2]). He was convicted of depraved indifference murder. On appeal, the defendant maintains that because the prosecutor's opening statement to the jury failed to mention the depraved indifference count of the indictment

and the People declined to supplement their opening when this omission was pointed out, the trial court committed reversible error in denying the defendant's motion to dismiss the depraved indifference murder count. The defendant's argument is without merit.

Pursuant to CPL 260.30 (3), the People "must deliver an opening address to the jury". The People's opening should provide sufficient allegations so that the jury can "intelligently understand the nature of the case they have been chosen to decide" (*People v Kurtz,* 51 NY2d 380, 384, *cert denied* 451 US 911). Here, the People stated in their opening that the defendant became angry with the victim, strangled him, tied him up with neckties around his wrists and neck, and left him hidden in a closet overnight. These allegations, if proven, would have supported a finding that the defendant acted with depraved indifference to human life. Thus, the trial court properly denied the defendant's motion to dismiss that count of the indictment (*see, People v Kurtz, supra).*

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.