■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY STEINBERGIN, Appellant. [673 NYS2d 316] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered April 11, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

Defendant's contention that the prosecutor improperly cross examined defendant's witness about her failure to come forward to the police and prosecutor with exculpatory information is unpreserved for failure to advance the specific contentions raised for the first time on appeal (see, People v Maschi, 49 NY2d 784; People v Jackson, 214 AD2d 475, lv denied 86 NY2d 796; People v Perez, 159 AD2d 219, 220, lv denied 76 NY2d 740), and we decline to review it in the interest of justice. Were we to review it, we would find that the prosecutor laid a proper foundation for such inquiry (see, People v Dawson, 50 NY2d 311), and that it was sufficiently established that the witness's silence was not the product of advice by defense counsel (see, People v Scarpelli, 137 AD2d 566, lv denied 71 NY2d 973). The prosecutor never suggested or implied that the witness was under any duty to go to the police or the District Attorney; and the court, without objection, appropriately charged the jury to that effect, avoiding any possible prejudice. We conclude that defendant was not prejudiced by the absence of a bench conference prior to the Dawson inquiry.

Defendant's claim that the prosecutor's summation deprived him of a fair trial is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the prosecutor's argument was based upon legitimate inferences drawn from evidence in the record (see, People v Mendez, 189 AD2d 651, lv denied 81 NY2d 889), and was a fair response to arguments raised in the defense summation with. respect to the credibility of the People's witnesses (People v Galloway, 54 NY2d 396).

Defendant's contention that he was denied a fair trial by the People's failure to produce a mug shot, requested by defendant

during discovery, is meritless. Another sufficiently similar photograph of defendant, taken shortly after his arrest and before the mug shot, was received at trial. In these circumstances, defendant was not entitled to an adverse inference charge. Concur—Sullivan, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.