■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISA KING, Appellant. [697 NYS2d 371] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 9, 1998, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts) and criminal possession of a weapon in the fourth degree.

Defendant, along with codefendants Benjamin Bennett and Cecil Brownridge, was indicted on two counts of robbery in the first degree, assault in the first degree, gang assault in the first degree and criminal possession of a weapon in the fourth degree as a result of allegations that they stole money from Alejandro Ayala after beating him with a piece of wood and fracturing his left ulnar bone. Following a jury trial, Bennett and Brownridge were acquitted of all charges but defendant was found guilty of criminal possession of a weapon and two counts of assault in the second degree, which were charged as lesser included offenses of robbery in the first degree under count one and gang assault under count four.

This Court is required to reverse a judgment of conviction based upon a determination that there is a lack of legally sufficient evidence (*see,* CPL 470.15 [4] [b]; 470.25; *see also, People v Contes,* 60 NY2d 620, 621). In making this determination, we must view the evidence in the light most favorable to the prosecution and determine "whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial" (*People v Williams,* 84 NY2d 925, 926). Legally sufficient evidence is defined as "competent evidence which, if accepted as true, would establish every element of an offense charged *and the defendant's commission thereof*" (CPL 70.10 [1] [emphasis supplied]).

This Court may also weigh the evidence and, if appropriate, reverse a judgment based upon a factual determination that the verdict is against the weight of the evidence (*see,* CPL 470.15 [5]; *see also, People v Carter,* 63 NY2d 530). In this context, we view the evidence in a neutral light and make our own independent determination regarding the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the evidence presented (*see, People v Bleakley,* 69 NY2d 490, 495). Upon our review of the evidence, under both criteria, we find that the verdict is both legally insufficient and against the weight of the evidence. The facts adduced at trial established the following.

On the afternoon of September 26, 1997, Ayala approached Village of Monticello Police Officer Dan Oldfield and reported that he had been robbed. According to Oldfield, Ayala smelled of alcohol and appeared to be in distress. He was treated at the local emergency room for a fracture to his left arm just below the elbow.

According to Ayala, he had been involved in an altercation with three men that afternoon. One of the men came at him head on with a piece of wood and the other two hit him from behind. Ayala testified that he was struck on the left arm after trying to block a blow by the man with the wood. However, the only description Ayala could give of his assailants was that they were "three black men". Neither prior to nor at trial did Ayala ever identify defendant as the individual armed with the wood.*

A witness who had observed the men standing over Ayala supplemented the latter's description only by noting that the

---

* The robbery counts in the indictment stem from Ayala's claim that he had $21 in his pants pocket prior to the altercation which was missing thereafter. Claiming to have been knocked temporarily unconscious during the al-

men were in their 20s and by describing the clothing worn by two of them. At trial, this witness identified only Bennett as being involved in the incident. Although defendant, Brownridge and Bennett each gave separate written statements to police, which were read into evidence at trial, none admitted that Ayala was struck by any of them with a wooden object. More importantly, none of the men implicated defendant in striking Ayala with a piece of wood.

Consequently, absent from the People's case was *any* evidence or testimony establishing that defendant struck Ayala with a wooden object thereby causing injury to his left arm. While the record clearly reflects that defendant and Ayala had words on the afternoon in question and that defendant may have punched Ayala in the neck or pushed him, there was simply no evidence before the jury identifying defendant as the individual who actually beat him with the wood (*compare, People v Coffin*, 263 AD2d 780). To this end, we note that this is not a case involving an inconsistency in identification testimony such that the accuracy of an eyewitness's identification presents a factual issue for the jury to resolve (*compare, People v Bigelow*, 106 AD2d 448); rather, this is a case where *no* witness identified defendant. Given the three-on-one confrontation which allegedly took place, the evidence is insufficient to support an inference that *defendant* was the one who inflicted the alleged blows with a piece of wood. Thus, the verdict rests on speculation and conjecture (*see, People v Castillo,* 47 NY2d 270, 277) and must be reversed.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.

---

leged assault, he did not actually observe anyone remove the money. Each defendant was acquitted of these charges.