■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID H. HOWE, Appellant. [700 NYS2d 246] —Carpinello, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 16, 1998, upon a verdict convicting defendant of the crime of robbery in the first degree.

Indicted for robbery in the first degree and found guilty as charged following a trial, defendant appeals contending primarily that the verdict is legally insufficient and against the weight of the evidence. We reject both arguments and, accordingly, affirm.

The facts adduced at trial establish the following. On the evening of April 26, 1997, Michael Cipar was employed as a clerk at a convenience store in the Village of Johnson City, Broome County, when a man armed with a knife walked in and demanded money. The man's face was partially covered with a handkerchief; notwithstanding, Cipar testified at trial that the man was "vaguely familiar" to him. Cipar described the robber as being over six feet tall with a "big beer belly", dressed in dark jeans and a dark jacket, a maroon, hooded sweatshirt and black and white Converse sneakers. Cipar further described the individual as having a nervous "twitch" in his eyes. Cipar's description of the robber was corroborated in most respects by various witnesses who had observed him near the store within minutes of the robbery. The robbery was captured on the store's surveillance camera and the videotape was played to the jury. There was also evidence that at the time of the crime the robber was riding a red bicycle, later determined to be owned by defendant's upstairs neighbor, Gary Tyler, and that defendant had access to Tyler's bicycle.

According to Cipar, the same man who robbed him returned to the store on two occasions, in July 1997 and on August 16, 1997, respectively. On this latter trip, the man paid for his purchase with rolled coins on which he wrote his name, address and telephone number, namely, "Dave, 172 Ackley Ave-

nue, J.C., 797-6898". Cipar testified that he was "certain" that the person who patronized the store on August 16, 1997 and paid with rolled coins was the same individual who had robbed him on April 26, 1997. Cipar contacted the police at this time, who reinvestigated and obtained the August 16, 1997 videotape from the store's surveillance camera and the rolled coins. This videotape was also played to the jury.

Although Cipar never identified defendant as the individual in either videotape or in court, Village of Johnson City Police Detective James Guiton, who investigated the robbery and spoke to defendant at his 172 Ackley Avenue residence in Johnson City, identified defendant as the individual in the August 16, 1997 videotape and further identified him in the courtroom. Guiton further testified that, upon executing a search warrant at defendant's residence, he retrieved dark jeans, a kitchen knife and Converse sneakers. The jury further learned from Guiton that defendant was approximately six feet tall, had a heavy build and squinted when he talked. Defendant's address was also confirmed by Tyler, who testified that 172 Ackley Avenue is a two-family house in which he lived in the upstairs apartment and defendant lived in the downstairs apartment with his mother.

After viewing this evidence in the light most favorable to the prosecution, we find that there is a valid line of reasoning and permissible inferences from which the jury could conclude that each and every element of robbery in the first degree was established by the People (see, Penal Law § 160.15 [3]) and that *defendant* committed the crime (see, *People v Bleakley*, 69 NY2d 490, 495; cf., *People v King*, 265 AD2d 678). Likewise, upon weighing the relative probative force of the testimony and the relative strength of conflicting inferences that can be drawn therefrom, we conclude that the verdict was not against the weight of the evidence (see, *id.*). Although Cipar did not identify defendant as the individual who robbed him, defendant's identity was sufficiently established when Cipar's testimony is read in conjunction with that of Guiton (cf., *People v King, supra*).

Finally, while we agree with defendant's contention that the People failed to comply with CPL 710.30, we find the error to be harmless (see, *People v Crimmins*, 36 NY2d 230, 241-242).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.