■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BAI PAASEWE, Appellant. [715 NYS2d 703] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered December 3, 1998, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the evidence was legally insufficient to establish his guilt (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The trial court did not err in permitting the prosecutor to cross-examine a defense witness regarding her failure to inform the police of the defendant's whereabouts at her first opportunity. The prosecutor laid a proper foundation for that line of questioning and refrained from implying that the witness had an obligation to come forward. Moreover, the trial court

properly instructed the jury that the witness had no duty to come forward *(see, People v Dawson,* 50 NY2d 311; *People v Casseus,* 199 AD2d 525, 526).

The trial court properly denied the defendant's motion for a new trial based upon newly-discovered evidence. The new evidence consisted only of a statement by a friend that was inconsistent with the complainant's testimony concerning a collateral issue. Generally, evidence which merely impeaches or contradicts former evidence does not justify ordering a new trial *(see,* CPL 330.30 [3]; *People v Salemi,* 309 NY 208, *cert denied* 350 US 950). Moreover, the evidence was not of "such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]; *see, People v Salemi, supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Goldstein and Feuerstein, JJ., concur.