■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR HERRERA, Appellant. [728 NYS2d 745] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered February 1, 1999, convicting him of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Using binoculars, police officers situated on a rooftop observed the defendant and another individual selling crack cocaine to two buyers on a street in Queens. After conveying descriptions of the buyers and sellers and the location of the crack cocaine to backup teams of police officers, the buyers and sellers were arrested, and the crack cocaine was found nearby in a plastic bag.

There is no merit to the defendant's claim that the Supreme Court should have issued a missing witness charge to the jury because not every police officer at the scene testified at trial. Both the arresting officer and the officer who observed the defendant selling crack cocaine and conveyed his description to the backup team testified. While the defendant claimed that a third officer actually arrested him, the defendant could have subpoenaed this witness, yet failed to do so. The People need not have called this third officer to testify where, according to the People's theory of the case, his testimony would merely have been cumulative and he had no knowledge of material facts (*see, People v Lyons,* 81 NY2d 753; *People v Profit,* 200 AD2d 639; *cf., People v Kitching,* 78 NY2d 532; *People v Gladden,* 180 AD2d 747).

The defendant was not entitled to an adverse inference charge based on the People's failure to produce a photograph taken at the central booking office of the police department where another photograph of the defendant, taken shortly after his arrest, was received in evidence (*see, People v Steinbergin,* 251 AD2d 247, 248; *cf., People v Cobb,* 104 AD2d 656).

The defendant's remaining contentions, including these raised in his supplemental *pro se* brief, are unpreserved for appellate review and, in any event, without merit. Santucci, J. P., Goldstein, Florio and Crane, JJ., concur.