■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNIE WELLS, Appellant. [735 NYS2d 815] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered June 7, 2000, convicting him of incest, sexual misconduct (two counts), and sexual abuse in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of the facts, who saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84). His determination should be accorded great weight

on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Moreover, the Supreme Court providently exercised its discretion in summarily denying the defendant's motion to set aside the verdict under CPL 330.30 (3). The defendant failed to establish that the information contained in the affidavits of his former employer and her husband was newly-discovered evidence as required by the statute, because the information and the witnesses were known to the defendant before trial. Furthermore, the evidence was on a collateral matter and was not material to the defendant's guilt, and it was not likely that the admission of this testimony would have resulted in a different verdict. Ritter, J. P., Smith, Adams and Cozier, JJ., concur.