■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALFREDO PACHECO, Respondent. [740 NYS2d 245] —Appeal by the People from an order of the Supreme Court, Kings County (Demarest, J.), entered May 10, 2001, which granted the defendant's motion pursuant to CPL 330.30 to set aside a jury verdict convicting him of assault in the first degree.

Ordered that the order is reversed, on the law, the motion is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for sentencing.

The trial court may set aside or modify the verdict or any part thereof on the ground that new evidence has been discovered since the trial which could not have been produced by the defendant at the trial even with due diligence, and which

is of such character as to create a probability that had such evidence been received the verdict would have been more favorable to the defendant (*see* CPL 330.30 [3]). Here, the trial court improperly concluded that it was probable that the jury verdict would have been more favorable to the defendant had an alleged eyewitness, an acquaintance of the defendant's sister, testified. The testimony of the alleged eyewitness at the hearing contained numerous inconsistencies. Moreover, the alleged eyewitness testified at the hearing that she did not see the events of the incident because her view was obstructed. Thus, her testimony would not have created a probability of a more favorable outcome (*see* CPL 330.30 [3]; *People v Johnson,* 208 AD2d 562; *People v Bridget,* 73 AD2d 291; *see also People v Wainwright,* 285 AD2d 358; *People v Rodriguez,* 193 AD2d 363). Altman, J.P., Florio, H. Miller and Cozier, JJ., concur.