THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN JOHNSON, Appellant. [748 NYS2d 55]

The party seeking a missing witness charge must sustain an initial burden of showing that the opposing party failed to call a witness who could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the opposing party (*see People v Macana,* 84 NY2d 173, 177; *People v Gonzalez,* 68 NY2d 424; *People v Kitching,* 78 NY2d 532, 536). Here, the defendant failed to sustain his burden since he did not demonstrate that the uncalled witness was knowledgeable about the drug transaction, and that the witness would naturally be expected to provide testimony favorable to the prosecution (*see People v Kitching, supra*).

As the People correctly concede, "[t]he defendant's conviction of criminal possession of a controlled substance in the seventh degree must be vacated since that count is a lesser-included offense of the crime of criminal possession of a controlled substance in the third degree" (*People v Biggs,* 280 AD2d 484; *see also People v Sutton,* 289 AD2d 424).

The defendant contends that the criminal sale of a controlled substance in the third degree count should be dismissed as a noninclusory concurrent count of criminal sale of a controlled substance in or near school grounds. His contention is not preserved for appellate review, as he failed to move to dismiss the criminal sale of a controlled substance in the third degree count at trial (*see People v Rodriguez,* 126 AD2d 681, 682). In any event, it is without merit (*see People v Reed,* 222 AD2d 459; *People v Peterson,* 68 AD2d 938). Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.