■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DELOSANTO, Appellant. [751 NYS2d 538] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 20, 1999, as amended April 21, 1999, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that on or before December 24, 2002, the People are directed to furnish a copy of the stenographic minutes of the

grand jury testimony of Harry Celentano to the appellant's assigned counsel; and it is further,

Ordered that on or before February 24, 2003, the appellant's assigned counsel shall serve and file a supplemental brief on behalf of the appellant; and it is further,

Ordered that on or before March 26, 2003, the People shall serve and file their supplemental brief in response thereto; and it is further,

Ordered that the appeal is held in abeyance in the interim.

Prior to opening statements, the prosecutor recited on the record all of the *Rosario* material that had been provided or was being provided to the defendant (*see People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). This list of *Rosario* material did not include any grand jury testimony of one of the principal witnesses at the trial, Harry Celentano.

After a notice of appeal was filed and counsel was assigned, the defendant moved in this Court, inter alia, to direct the District Attorney to disclose whether the witness testified before the grand jury and, if so, to provide a copy of the minutes. The People opposed the motion. This Court granted the motion to the extent of directing the District Attorney to file a sealed copy of the grand jury minutes with the Clerk of this Court. A review of those minutes reveals that the witness did testify before the grand jury. Consequently, by failing to provide that testimony to the defendant, the People violated their *Rosario* obligations, as codified in CPL 240.45 (1) (a). The error was compounded when the People, in opposition to the defendant's motion, refused even to disclose that the witness testified before the grand jury. The secrecy of grand jury proceedings was not implicated, because the defendant was entitled to the testimony before the witness testified at trial. Contrary to the People's contention, the record is sufficient to permit review of this issue on the defendant's direct appeal since the record demonstrates that the testimony was not provided to him (*compare People v Woods,* 156 AD2d 609).

The failure to provide *Rosario* material, however, does not require reversal of a conviction unless the defendant demonstrates "that there is a reasonable possibility that the nondisclosure materially contributed to the result of the trial" (CPL 240.75; *see People v Sorbello,* 285 AD2d 88). Consequently, we hold this appeal in abeyance to give the defendant an opportunity to brief the issue of whether he was prejudiced by the failure to disclose *Rosario* material.

We note that the People's lack of candor regarding the

witness's testimony before the grand jury unduly complicated and delayed this appeal. Had the People simply admitted that the witness testified before the grand jury, the defendant would have had an earlier opportunity to brief the issue of prejudice. Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.