■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG SAMUELS, Appellant. [757 NYS2d 104] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 8, 2001, convicting him of rape in the first degree under Indictment No. 8373/99, upon a jury verdict, and (2) a judgment of the same court, rendered March 19, 2001, convicting him of rape in the first degree (three counts), sodomy in the first degree (three counts), sexual abuse in the first degree (seven counts), and unlawful imprisonment

in the first degree, under Indictment No. 3437/00, upon his plea of guilty, and imposing sentences. Justice Goldstein has been substituted for the late Justice O'Brien (*see* 22 NYCRR 670.1 [c]).

Ordered that the judgments are affirmed.

The defendant's contention that the evidence of rape in the first degree under Indictment No. 8373/99 was legally insufficient is unpreserved for appellate review since the defendant merely made a general motion for a trial order of dismissal at the end of his case as to that count (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]; *People v Udzinski,* 146 AD2d 245 [1989]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the necessary elements of rape in the first degree beyond a reasonable doubt (*see* Penal Law § 130.35 [1]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he was entitled to an adverse inference charge with respect to the failure of the prosecution to produce a handwritten police aided report is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the failure to produce that report did not prejudice the defendant, and therefore no such charge was warranted (*see People v Herrera,* 285 AD2d 613 [2001]). Additionally there is no reasonable possibility that the nondisclosure materially contributed to the results of the trial (*see* CPL 240.75; *People v Delosanto,* 300 AD2d 408, [2002] *see also People v Sorbello,* 285 AD2d 88 [2001]).

The defendant's remaining contentions are without merit. S. Miller, J.P., Goldstein, Friedmann and Cozier, JJ., concur.