■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO DELOSANTO, Also Known as FRANK PEREZ, Also Known as JOSE, Appellant. [763 NYS2d 629] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered April 20, 1999, as amended April 21, 1999, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Cooperman, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony. By decision and order of this Court dated December 9, 2002, upon finding that the People failed to provide the defendant with the testimony of a prosecution witness, the People were directed to furnish a copy of the stenographic minutes of the grand jury testimony of the witness, Harry Celentano, to the defendant's assigned counsel, the parties were directed to serve and file supplemental briefs, and the appeal was held in abeyance in the interim (*see People v Delosanto*, 300 AD2d 408 [2002]). No other issues were decided at that time. The supplemental briefs have been filed.

Ordered that the judgment, as amended, is affirmed.

In considering the defendant's speedy trial motion, the Supreme Court should have charged the People with a 13-day period from April 10, 1997, which was a court-imposed deadline to respond to one of the defendant's pretrial motions, to April 23, 1997, the date that the People actually filed a response (*see People v Gonzalez,* 266 AD2d 562, 563 [1999]; *People v Commack,* 194 AD2d 619, 620 [1993]). The People also should have been charged with the four-day period from May 8, 1998, when the codefendant, who was incarcerated, was not produced in court, to May 12, 1998, when the defendant made his speedy trial motion (*see People v Ali,* 209 AD2d 227 [1994]). Nevertheless, the record demonstrates that the total amount of time chargeable to the People was less than six months (*see* CPL 30.30 [1] [a]). Accordingly, the defendant's speedy trial motion was properly denied.

The defendant's argument that he was deprived of his right to counsel at the lineup is unpreserved for appellate review, and, in any event, is without merit (*see People v Ramos,* 99 NY2d 27 [2002]; *People v Horn,* 161 AD2d 603 [1990]). Furthermore, the hearing court properly concluded that the lineup was not unduly suggestive (*see People v Brock,* 293 AD2d 294 [2002]).

As this Court previously determined (*see People v Delosanto, supra* at 409), the People committed a *Rosario* violation (*see People v Rosario,* 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; CPL 240.45 [1] [a]) by failing to turn over to the defense a copy of the minutes of the grand jury testimony of a prosecution witness at the trial. However, there is no reasonable possibility that the nondisclosure materially contributed to the results of the trial. Thus, reversal is not warranted (*see* CPL 240.75). Altman, J.P., S. Miller, Adams and Cozier, JJ., concur.