THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS VERA, Appellant. [784 NYS2d 562]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered April 9, 2002, convicting him of gang assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The prosecutor's opening statement adequately described what the People intended to prove, and properly prepared the jury to resolve the factual issues of the trial (*see* CPL 260.30 [3]; *People v Kurtz,* 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]; *People v Etoria,* 266 AD2d 559 [1999]; *People v Carter,* 248 AD2d 722 [1998]; *People v Vulpis,* 173 AD2d 582 [1991]; *People v Brown,* 158 AD2d 461 [1990], *cert denied* 498 US 870 [1990]; *People v Tzatzimakis,* 150 AD2d 512 [1989]; *see also Matter of Timothy L.,* 71 NY2d 835, 837-838 [1988]).

The trial court properly declined to give the jury a missing witness charge. The defendant failed to meet his burden of establishing prima facie entitlement to a missing witness charge, as there was no evidence that the uncalled witnesses had knowledge of a material issue or could provide noncumulative testimony (*see People v Wright,* 2 AD3d 546, 547 [2003]; *People v Zimmerman,* 309 AD2d 824 [2003]; *People v Johnson,* 297 AD2d 822, 823 [2002]; *People v Jackson,* 287 AD2d 520 [2001]; *People v Herrera,* 285 AD2d 613, 614 [2001]; *People v Profit,* 200 AD2d 639 [1994]).

The defendant's contention that his conviction was the product of a compromise verdict is without merit (*see Harris v Rivera,* 454 US 339, 345-347 [1981]; *People v Farrell,* 190 AD2d 746, 747 [1993]; *People v Alfaro,* 108 AD2d 517 [1985], *affd* 66 NY2d 985 [1985]). Santucci, J.P., Adams, Mastro and Spolzino, JJ., concur.