■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMIL J. MILES, Appellant. [788 NYS2d 718]—

Carpinello, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 24, 1999, upon a verdict convicting defendant of four counts of the crime of robbery in the first degree.

Following a jury trial, defendant was found guilty of four counts of robbery in the first degree stemming from four separate robberies at various Broome County grocery stores during a 20-month period.* Sentenced to prison terms aggregating 25 to 50 years, defendant appeals. We affirm.

The verdict on each count was neither legally insufficient nor against the weight of the evidence (see e.g. *People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Contes*, 60 NY2d 620, 621 [1983]). Defendant's contrary contentions are premised primarily on his claim that the evidence presented by the People, as well as the testimony of certain witnesses, was "riddled with inconsistencies, improbabilities" and/or "outright impossibilities." We disagree. Count one was established by eyewitness testimony identifying defendant as the person who walked into a particular grocery store on December 8, 1996 armed with a gun and threatened to kill an employee if she did not hand over money to him. Count two was established by eyewitness testimony that the same employee was again robbed at the same grocery store 16 days later by a man wearing a ski mask but with the same voice and silver gun as the December 8, 1996 perpetrator.

Count four (see n, *supra*) was established by eyewitness testimony that defendant, clad in a dark green coat and green knit hat, demanded money at gunpoint from another grocery store employee on December 20, 1997. Notably, a green jacket with latex gloves in the pocket and a dark green knit hat were thereafter discovered in a driveway near this grocery store. Defendant's fingerprint was found on one of the gloves and a hair retrieved from the hat was determined through DNA analysis to belong to him. With respect to the final count on which defendant was found guilty, evidence established that another employee at yet another grocery store was robbed at gunpoint on August 23, 1998. While this store clerk was unable to identify defendant as the perpetrator, the jury was played a surveillance

---

* Defendant had been indicted on five counts of robbery in the first degree but was acquitted of the third count of the indictment.

tape of the robbery. Moreover, a bystander shopping in the store that day was able to retrieve the license plate number of the vehicle in which the perpetrator fled. The vehicle was determined to belong to defendant's girlfriend, who testified at trial that she had lent it to him the previous day. Viewing this evidence in the light most favorable to defendant, we find that the jury could have rationally determined that defendant committed each of these armed robberies (*see People v Contes, supra*; *see also People v Howe*, 267 AD2d 601 [1999], *lv denied* 94 NY2d 921 [2000]). Likewise, upon the exercise of our factual review power, we are satisfied that the verdict on all counts was not against the weight of the evidence (*see* CPL 470.15 [5]; *see also People v Bleakley, supra*; *People v Howe, supra*).

Defendant's remaining contentions are without merit and warrant only limited discussion. Any error in admitting defendant's statement to police that he had never been to the city where these crimes were committed was harmless given the overwhelming evidence of his guilt (*see People v Simmons*, 75 NY2d 738, 739 [1989]). Moreover, the pretrial lineup identifications by several witnesses were obtained after a court order and thus they were not an exploitation of any alleged antecedent illegality (*see People v Pleasant*, 54 NY2d 972 [1981], *cert denied* 455 US 924 [1982]). Finally, we decline to disturb the sentence.

Cardona, P.J., Crew III, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed.