■ The People of the State of New York, Respondent, v Jose Corea, Appellant. [808 NYS2d 719]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered May 17, 2002, convicting him of gang assault in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of assault in the third degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient evidence of his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Adames*, 308 AD2d 454 [2003]).

The prosecutor's opening statement adequately described what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial (*see* CPL 260.30 [3]; *People v Vera*, 11 AD3d 716 [2004]; *see also People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]; *People v Etoria*, 266 AD2d 559 [1999]; *People v Carter*, 248 AD2d 722 [1998]; *People v Vulpis*, 173 AD2d 582 [1991]; *People v Brown*, 158 AD2d 461 [1990], *cert denied* 498 US 870 [1990]; *People v Tzatzimakis*, 150 AD2d 512 [1989]).

The trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3) based on newly-discovered evidence, as the defendant failed to establish that the evidence could not have been produced at the trial with due diligence and was of such a character as to create a probability that, had it been received in evidence, the verdict would have been more favorable to the defendant (*see* CPL 330.30 [3]; *People v Salemi*, 309 NY 208 [1955], *cert denied* 350 US 950 [1956]; *People v Waller*, 4 AD3d 440 [2004]; *People v James*, 299 AD2d 424 [2002]; *People v Pacheco*, 293 AD2d 629 [2002]; *People v Wells*, 289 AD2d 599 [2001]; *People v Matthew*, 274 AD2d 485 [2000]). The newly-discovered evidence proffered by the defendant merely impeached and contradicted former evidence, and thus did not warrant the granting of a new trial (*see People v Paasewe*, 276 AD2d 807 [2000]).

The defendant's acquittal of assault in the first degree and assault in the second degree was not repugnant to his conviction of gang assault in the first degree, because the acquittal did not necessarily negate the aggravating element of "aided by two or more persons actually present" (Penal Law § 120.07). Upon our examination of the essential elements of assault in the first degree (*see* Penal Law § 120.10 [1]) and assault in the second degree (*see* Penal Law § 120.05 [2]) we find that the jury did not reach "an inherently self-contradictory verdict" in acquitting the defendant of those charges while convicting him of gang assault in the first degree and assault in the third degree (*People v Tucker*, 55 NY2d 1, 8 [1981]; *see also People v Loughlin*, 76 NY2d 804, 806 [1990]). However, the charge of assault in the

third degree should have been dismissed as a lesser-included offense and an inclusory concurrent count of gang assault in the first degree (*see* CPL 1.20 [37]; 300.40 [3] [b]; *cf. People v King*, 265 AD2d 678 [1999]). We reach this contention notwithstanding that the issue was unpreserved for appellate review (*see People v Ford*, 62 NY2d 275, 282-283 [1984]; *People v Feliciano*, 308 AD2d 459, 460 [2003]).

Contrary to the arguments raised by the defendant in his supplemental pro se brief, he was not denied the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *see also People v Taylor*, 1 NY3d 174 [2003]; *People v Ellis*, 81 NY2d 854 [1993]; *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Rogers*, 5 AD3d 871, 873 [2004]; *People v Cooper*, 213 AD2d 196 [1995]; *People v Smith*, 146 AD2d 588, 589 [1989]). Nor was the lineup in which the defendant was identified by two eyewitnesses unduly suggestive (*see People v Green*, 14 AD3d 578 [2005]; *lv denied* 4 NY3d 831 [2005]; *People v Nieves*, 183 AD2d 854, 856 [1992]; *see also People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]; *People v Mason*, 138 AD2d 411, 412 [1988]). The participants in the lineup were similar to the defendant in appearance, and any minor differences between them were insufficient to create a substantial likelihood of misidentification (*see People v Green, supra; People v Nieves, supra; People v Ramos*, 170 AD2d 186 [1991]; *People v Mason, supra*).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]).

The remaining arguments raised by the defendant in his supplemental pro se brief are unpreserved for appellate review (*see People v Ross*, 21 NY2d 258, 262 [1967]; *People v Delosanto*, 307 AD2d 298 [2003]) and, in any event, are without merit (*see People v Ramos*, 99 NY2d 27, 32-33 [2002]; *People v Bertolo*, 65 NY2d 111, 116 [1985]; *People v Sears*, 9 AD3d 472 [2004]; *People v Feneque*, 133 AD2d 646 [1987]). Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.