THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN LARIOS, Appellant. [806 NYS2d 726]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Farneti, J.), rendered May 17, 2002, convicting him of gang assault in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by vacating the conviction of assault in the third degree, vacating the sentence imposed thereon,

and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient proof of his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Adames*, 308 AD2d 454 [2003]).

The prosecutor's opening statement adequately described what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial (*see* CPL 260.30 [3]; *People v Vera*, 11 AD3d 716 [2004]; *see also People v Kurtz*, 51 NY2d 380, 384 [1980], *cert denied* 451 US 911 [1981]; *People v Etoria*, 266 AD2d 559 [1999]; *People v Carter*, 248 AD2d 722 [1998]; *People v Vulpis*, 173 AD2d 582 [1991]; *People v Brown*, 158 AD2d 461 [1990]; *People v Tzatzimakis*, 150 AD2d 512 [1989]).

The trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30 (3) based on newly-discovered evidence since the defendant failed to establish that the evidence could not have been produced at the trial with due diligence and was of such a character as to create a probability that had it been received in evidence it would have been more favorable to the defendant (*see* CPL 330.30 [3]; *People v Salemi*, 309 NY 208 [1955], *cert denied* 350 US 950 [1956]; *People v Waller*, 4 AD3d 440 [2004]; *People v James*, 299 AD2d 424 [2002]; *People v Pacheco*, 293 AD2d 629 [2002]; *People v Wells*, 289 AD2d 599 [2001]; *People v Matthew*, 274 AD2d 485 [2000]). The newly-discovered evidence proffered by the defendant merely impeached and contradicted former evidence, and thus did not warrant the granting of a new trial (*see People v Paasewe*, 276 AD2d 807 [2000]).

Upon our examination of the essential elements of assault in the first degree (Penal Law § 120.10 [1]) and assault in the second degree (Penal Law § 120.05 [2]) we find that the jury did not reach "an inherently self-contradictory verdict" in acquitting the defendant of those charges while convicting him of gang assault in the first degree and assault in the third degree (*see People v Tucker*, 55 NY2d 1, 8 [1981]; *see also People v Loughlin*, 76 NY2d 804, 806 [1990]). However, the charge of assault in the third degree should have been dismissed as a lesser-included offense and an inclusory concurrent count of gang assault in the first degree (*see* CPL 1.20 [37]; 300.40 [3] [b]; *People*

*v Corea,* 25 AD3d 563 [2006] [decided herewith]; *cf. People v King,* 265 AD2d 678 [1999]). Although the defendant did not raise this issue on appeal, the interest of justice warrants that the defendant be granted the same relief as his codefendant (*see People v Innis,* 288 AD2d 236, 237 [2001]).

Contrary to the defendant's contention, youthful offender treatment was not warranted (*see People v Cruickshank,* 105 AD2d 325, 334 [1985], *affd sub nom. People v Dawn Maria C.,* 67 NY2d 625 [1986]; *People v Cox,* 4 AD3d 481, 482 [2004]; *People v Chappelle,* 282 AD2d 881 [2001]; *People v Finnegan,* 238 AD2d 520 [1997]). Schmidt, J.P., Santucci, Mastro and Rivera, JJ., concur.