OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed and the certified question answered in the affirmative.
Respondent, Timothy L., an alleged juvenile delinquent, was charged with acts (theft of an umbrella from a street vendor) which, if committed by an adult would constitute the crimes of petit larceny (Penal Law § 155.25) and criminal possession of stolen property in the fifth degree (Penal Law § 165.40).
At the commencement of the fact-finding hearing, the court directed the parties to make opening statements. The Assistant Corporation Counsel stated that he would prove the charges through the testimony of a police officer who had witnessed the entire incident and from other circumstances which would establish respondent’s intent and his lack of authority to possess the umbrella. After respondent’s attorney opened, the court, sua sponte, dismissed the charges. On appeal by the Corporation Counsel of the City of New York, the Appellate Division reversed, reinstated the petition and remanded the case for further proceedings.
The Family Court Act allows, but does not require, the parties to deliver opening statements (Family Ct Act § 342.1). The well-settled rule in criminal jury cases, however, is that a trial court may not dismiss after opening unless it shall appear from the statement that the charge cannot be sus *838 tained under any view of the evidence and it may dismiss then only after the prosecutor has been given an opportunity to correct any deficiency (see, People v Kurtz, 51 NY2d 380, 385). In this case, the Family Court dismissed the petition because it apparently believed that the presentment agency could not prove the charges without the testimony of the complaining witness. That is not true in all cases (see, People v Borrero, 26 NY2d 430) and, for the reasons set forth in the majority opinion at the Appellate Division, it was not true in this case. Accordingly, the Appellate Division properly reinstated the petition.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Order affirmed, without costs, and certified question answered in the affirmative in a memorandum.