■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BATTLE, Appellant. [609 NYS2d 716] —Judgment unanimously affirmed. Memorandum: The proof is legally sufficient to support defendant's conviction for burglary in the third degree and criminal mischief in the fourth degree. Contrary to defendant's assertion, there is no requirement that the owner of the burglarized premises testify that he did not give defendant permission to enter. Evidence of entry into the tavern at 2:30 A.M. by breaking its front window, the acts committed inside the tavern, and the tavern manager's testimony that defendant was not given permission to enter the tavern, or to take money therefrom, provided the jury with sufficient proof to conclude reasonably that defendant was guilty of burglary and criminal mischief *(see, People v Borrero,* 26 NY2d 430, 436; *People v Stafford,* 173 AD2d 233).

We also reject the contention that Supreme Court erred in summarily denying defendant's motion for a *Wade* hearing. A cab driver, the eyewitness to the underlying criminal acts, gave police who came to the scene a description of defendant and his confederates. The witness then drove around the block and saw the police holding two men, one of whom was defendant, in front of a hotel. The witness called to the police, "That's them, that's them, those are the guys I saw breaking in the bar." That identification, spontaneously made by the witness, was neither arranged nor participated in by the police. Therefore, a *Wade* hearing was not required *(see,*

*People v Dawson,* 185 AD2d 854, *lv denied* 80 NY2d 974; *People v Thornton,* 157 AD2d 758, 759, *lv denied* 76 NY2d 744; *People v Robinson,* 117 AD2d 826; *People v Blackman,* 110 AD2d 596, 597). Defendant's contention that the court erred in failing to set forth "the reasons for its determination" pursuant to CPL 710.60 (6) is not preserved for review and we decline to reach it in the interest of justice *(see, People v Hunt,* 187 AD2d 981, 982, *lv denied* 81 NY2d 887).

Defendant's remaining contentions lack merit; Supreme Court did not err in its *Sandoval* ruling, and the sentence imposed is neither harsh nor excessive. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Burglary, 2nd Degree.) Present—Balio, J. P., Lawton, Doerr, Davis and Boehm, JJ.