COMMONWEALTH of Pennsylvania

v.

Vincent ZAMBELLI, Appellant.

Superior Court of Pennsylvania.

Submitted March 3, 1997.

Filed May 21, 1997.

Richard J. Makoul, Allentown, for appellant.

Robert L. Steinberg, Dist. Atty., Allentown, for Com., appellee.

Before CAVANAUGH and TAMILIA, JJ., and CERCONE, President Judge Emeritus.

CAVANAUGH, Judge:

This is an appeal from the judgment of sentence entered by The Honorable Edward D. Reibman of the Court of Common Pleas of Lehigh County. For the following reasons, we affirm.

The relevant facts supported by the record are as follows. On December 16, 1993, Lynn McDevitt and Kimberly Fried were in the parking lot of the Circuit City located in Whitehall, Pennsylvania when they heard a "screeching" noise. Upon hearing this noise, Ms. McDevitt looked to her left and saw appellant walking alongside of a van with an object in his hand, between his two fingers. At this time, she stated to Ms. Fried, "did you see what he just did? He scratched that van." The two women then followed appellant into the store in order to identify him. They informed the store clerk of the events that they had just witnessed, whereupon the two women and the clerk went outside to check if the van was indeed scratched. After noting a scratch on the vehicle, the store clerk called the police.

Appellant was convicted of summary criminal mischief and was ordered to pay a fine of $100 and costs of prosecution. He now raises the following issues for our review:

1. Did the trial court commit reversible error by denying the appellant's motion for a demurrer at the close of the Commonwealth's case when the Commonwealth had not provided testimony that the alleged actions of the appellant were without the consent of the owner of the subject van or that the van was even damaged that night; and

2. Did the trial court commit reversible error by holding, as a matter of law, that the Commonwealth had sufficiently proven every element of the crime charged.[1]

■ Appellant first contends that the statute defining criminal mischief requires the Commonwealth to establish that any tampering with the tangible property of another was done without the consent of the owner. Under the Crimes Code, a person is guilty of criminal mischief if he "intentionally or recklessly tampers with tangible property of another so as to endanger person or property." 18 Pa.C.S.A. § 3304(a)(2).

Initially, we note that where language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning. 1 Pa.C.S. § 1921(b); *Commonwealth v. Burnsworth*, 543 Pa. 18, 24, 669 A.2d 883, 886 (1995); *Commonwealth v. Hagan*, 539 Pa. 609, 615, 654 A.2d 541, 544 (1995). When considering the plain and common meaning of section 3304(a)(2), we find no language requiring the Commonwealth to prove lack of permission by the owner of the subject property.

Our inquiry, however, does not end here. A review of our caselaw reveals that the question posed by appellant is one of first impression in this Commonwealth. Other jurisdictions, however, have addressed this issue. Although we are not bound by such decisions, they may provide guidance for our resolution of this novel issue.

In *People v. Battle*, 202 A.D.2d 1045, 609 N.Y.S.2d 716 (1994), the Supreme Court of New York considered the identical issue raised herein when interpreting their criminal mischief statute. In that case, the defendant was convicted of burglary in the second degree and criminal mischief in the fourth degree for gaining entrance to a tavern by breaking a window and then stealing money from the register. Defendant argued that his convictions lacked sufficient evidence because the owner of the tavern did not testify that he did not give defendant permission to enter the tavern. The Court rejected defendant's argument and held that there is no such requirement that the owner of the burglarized premises testify that he did not give the defendant consent to enter. Rather evidence of entry in the early morning hours by breaking a window, the acts committed inside the tavern in addition to the tavern manager's testimony (as opposed to the owner) that defendant was not given permission to enter the tavern was sufficient proof to conclude that defendant was guilty of criminal mischief. *See also In the Matter of Kevin B.*, 128 A.D.2d 63, 514 N.Y.S.2d 971 (1987), *aff'd*, 71 N.Y.2d 835, 527 N.Y.S.2d 734, 522 N.E.2d 1032 (1988) (where the Supreme Court of New York held that the owner's lack of consent could be inferred from the circumstances surrounding the incident).

Texas courts, however, have consistently held to the contrary. In *Vantil v. Texas*, 884 S.W.2d 212 (1994), the defendant was convicted of criminal mischief for removing glass and damaging the rear window of another's truck. Defendant appealed raising as error that the evidence was legally and factually insufficient to support a finding that any damage was done without the effective consent of the owner because the specific issue of consent was never addressed at trial. The Court of Appeals of Texas agreed and found that demonstrating the act in question was committed without the effective consent of the owner is an essential element of criminal mischief. *See also Kotlar v. Texas*, 706 S.W.2d 697 (1986) (stating that in order to prove the offense of criminal mischief, it is necessary for the state to show that appellant (1) without the effective consent of the owner; (2) intentionally or knowingly; (3)

---

**1.** We note that when a defendant does not rest following denial of a demurrer, but instead presents a defense, the correctness of the ruling on the demurrer is not preserved for appellate review; the proper procedure is to challenge the sufficiency of the evidence. *Commonwealth v. Watson*, 355 Pa.Super. 160, 168, 512 A.2d 1261, 1265 (1986); *Commonwealth v. Hammock*, 319 Pa.Super. 497, 499, 466 A.2d 653 (1983). Here, appellant presented a defense and has thus waived review of the denial of the demurrer. Appellant has raised a challenge to the sufficiency of the evidence—first with respect to the absence of evidence of the owner's lack of consent and also a general allegation that the evidence was insufficient as each element of the offense has not been proven beyond a reasonable doubt. We will first examine appellant's lack of consent claim before addressing the more general sufficiency claim.

damaged or destroyed the tangible property of the owner).

The Texas statute defining criminal mischief differs significantly from our codification of criminal mischief. The Texas Penal Code provides, in pertinent part, that:

(a) A person commits an offense if, *without the effective consent of the owner:*

(1) he intentionally or knowingly damages or destroys the tangible property of the owner; [or]

(2) he intentionally or knowingly tampers with the tangible property of the owner and causes pecuniary loss or substantial inconvenience to the owner or a third person. . . .

Tex.Penal Code Ann. § 28.03(a) (emphasis added).

This statute specifically addresses the concept of effective consent. It is a general rule of statutory construction that when the language of a statute is unambiguous, it must be afforded its plain and common meaning. In this case, it is evident that the legislature intended proof of consent to be a mandatory element of the crime.

New York's statute defining criminal mischief is more attuned to our statute. Under New York's Penal Code:

[a] person is guilty of Criminal Mischief in the Fourth Degree when, having no right to do so nor any reasonable ground to believe that he has such right, he:

1. Intentionally damages property of another person; or

. . .

3. Recklessly damages property of another person in an amount exceeding two hundred and fifty dollars.

N.Y.Penal Law § 145 (McKinney 1988). As in Pennsylvania's statute, there is no express requirement that consent of the owner be proven.

After a review of the statutory and caselaw, we find the reasoning employed by New York courts persuasive. Our primary focus in interpreting any statute must be placed on ascertaining and effectuating the intention of the General Assembly. 1 Pa.C.S.A. § 1921(a). In doing so, we examine the language employed by the legislature and may not disregard its meaning where it is clear and free from doubt. 1 Pa.C.S.A. § 1921(b).

Similar to the New York statute, Pennsylvania does not explicitly include consent of the owner as an element of the offense. Absent any indication by our legislature that the owner's lack of consent is an essential element in establishing the offense of criminal mischief, we may not impose such a requirement and conclude that to do so by judicial fiat would be unnecessary and unreasonable. A person is guilty of criminal mischief in Pennsylvania if he "intentionally or recklessly tampers with tangible property of another so as to endanger person or property." 18 Pa.C.S.A. § 3304(a)(2). All that is required under § 3304(a)(2) regarding the owner is that the property belong to another person. Unlike Pennsylvania and New York, the Texas statute expressly includes "effective consent of owner" as an essential element of the crime. Based upon the clear language of our statute and the approaches taken by New York and Texas Courts, we conclude that lack of the owner's consent is not a required element of criminal mischief under the Pennsylvania Crimes Code.

We recognize that in *Battle,* the New York Supreme Court noted that the tavern manager testified that he did not provide the defendant with consent to enter the tavern. Such was not the dispositive factor in the court's affirmance of defendant's conviction, however, as the court specifically based its holding, that lack of consent was not required, on the language of the statute. The court reached this conclusion despite language in the statute that the accused had "no right" to damage the property of another. The court apparently rejected any argument that this language required proof of lack of consent. No such language appears in the Pennsylvania statute. As noted *supra,* the Pennsylvania statute only requires the property belong to another. Such language does not connote nor suggest that lack of consent is a required element. As such, we find no merit to appellant's first issue.

■ Appellant also contends that the Commonwealth was required to provide evidence that the subject van actually suffered

damage. Specifically, appellant argues that it was necessary for the Commonwealth to provide proof of the size of the scratch, the condition of the van otherwise, or any damages to the van that needed to be repaired. Without this, appellant contends that there was no evidence that the van was endangered on that evening.

The evidence revealed that two witnesses heard a loud screeching sound and observed appellant walking alongside the van with an object in his hand. Closer inspection revealed that the side of the van was scratched. In view of this evidence, and the reasonable inferences which may be drawn therefrom, the evidence was sufficient to establish that the van suffered damage as the result of appellant's actions. Additionally, we note that in *Commonwealth v. Battiato*, 422 Pa.Super. 285, 619 A.2d 359 (1993), we held that when criminal mischief is charged as a summary offense, proof of monetary damage is not required under the statute. As such, this argument is clearly without merit.

The final issue raised by appellant is a general allegation that the trial court committed reversible error by holding, as a matter of law, that the Commonwealth had sufficiently proven every element of the crime charged. We disagree.

The standard for reviewing the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, is sufficient to support all the elements of the offenses beyond a reasonable doubt. *Commonwealth v. Carpenter*, 511 Pa. 429, 435, 515 A.2d 531, 533–34 (1986).

*Commonwealth v. Miller*, 541 Pa. 531, 540, 664 A.2d 1310, 1314 (1995).

As noted above, the Commonwealth was required to prove beyond a reasonable doubt that appellant intentionally or recklessly tampered with the tangible property of another so as to endanger the property. 18 Pa. C.S.A. § 3304(a)(2). Based on the evidence as outlined *supra*, and the reasons given above, we reject appellant's boilerplate claim of insufficiency. The evidence, viewed in the light most favorable to the Commonwealth,

was sufficient to sustain appellant's conviction for criminal mischief beyond a reasonable doubt.

Judgment of sentence affirmed.