■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL TORRES, Appellant. [780 NYS2d 784]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered November 27,

2002, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of burglary in the second degree for unlawfully entering a residence and stealing items therein. The complainant testified that she did not know the defendant and did not give him permission to be in her apartment, where the burglary took place. The defendant's fingerprints were found on a jewelry box, the contents of which were stolen. Furthermore, in a statement given to the police upon his arrest, the defendant admitted taking jewelry and a watch from the subject apartment.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Thornton* 4 AD3d 561 [2004], *lv denied* 2 NY3d 308 [2004]; *People v Battle*, 202 AD2d 1045 [1994]; *People v Quinones*, 173 AD2d 395, 396 [1991]; *People v Wright*, 68 AD2d 930, 931 [1979]). Moreover, the jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that he verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Dixon*, 244 AD2d 352 [1997]). Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.