J-S33006-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BRANDON MICHAEL WEIDOW | |
| Appellant | No. 586 WDA 2015 |

Appeal from the Judgment of Sentence March 5, 2015
in the Court of Common Pleas of Elk County Criminal Division
at No(s): CP-24-CR-0000393-2012

BEFORE: GANTMAN, P.J., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.: **FILED JUNE 29, 2016**

Appellant, Brandon Michael Weidow, appeals from the judgment of sentence entered in the Elk County Court of Common Pleas following a jury trial and convictions for homicide by vehicle while driving under the influence,[1] homicide by vehicle,[2] two counts of driving under the influence of alcohol,[3] driving vehicle at safe speed,[4] maximum speed limits,[5] and careless driving.[6] Appellant contends that search warrants were issued without

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3735(a).

[2] 75 Pa.C.S. § 3732(a).

[3] 75 Pa.C.S. § 3802(a), (a)(1).

[4] 75 Pa.C.S. § 3361.

[5] 75 Pa.C.S. § 3362.

[6] 75 Pa.C.S. § 3714.

probable cause and with "stale information," an expert testified beyond his expertise at trial, and the evidence was insufficient to support his conviction. We affirm.

On July 11, 2012, Appellant and Savannah Straub were in a motor vehicle accident when their car crashed into a tree and a guardrail on State Route 255 in Elk County, Pennsylvania. Appellant was seriously injured and Savannah Straub ("Decedent") died as a result of the accident. The first two individuals to arrive at the scene, Brandon Hetrick and Danielle Nesbitt, testified regarding the positioning of Appellant and Decedent in the car. N.T., 12/10/14, at 56-60, 97-98. Appellant's legs and feet were lodged in the driver's side foot well, with his stomach on the center consul, and his head and arms laying across the front passenger seat. *Id.* Decedent was ejected from the car and found under the vehicle behind the right front tire. *Id.* at 67-68. Hetrick and Nesbitt were able to collectively remove Appellant from the car, which was in flames. *Id.* at 64, 95. Nesbitt testified that she had been drinking with Appellant and Decedent at a local bar that evening. *Id.* at 89-92.

Trooper Emery Faith and Trooper Pat Trunzo were dispatched to the scene of the crash. Trooper Faith testified that he could smell the odor of alcohol emanating from Appellant. *Id.* at 197. He further stated that he had asked Appellant if he had been driving the vehicle during the crash and Appellant denied that he had even been in the vehicle at all. *Id.* at 196.

- 2 -

Appellant was taken by ambulance to Elk Regional Health Center for care and was thereafter transferred to Altoona Medical Center in Blair County for further treatment. Trooper Matthew Higgins, who was assigned to investigate the case, directed that the car be removed to an impound lot at the Ridgway Barracks of the Pennsylvania State Police. Trial Ct. Op., 11/24/14, at 1-2. Trooper Higgins discovered that the car was registered to Appellant and obtained a search warrant for the car on July 11, 2012. *Id.*

On July 16, 2012, Trooper Higgins applied for and was granted a search warrant for the complete medical records of Appellant for the period of treatment when he was a patient at Elk Regional Health Center on July 11, 2012. The application for the search warrant was supported by Trooper Higgins' affidavit of probable cause, which stated that physical evidence at the scene, including Appellant's positioning in the car, indicated that Appellant was likely the driver at the time of the accident. Trial Ct. Order, 10/3/13, at 2. Further, the affidavit detailed Trooper Faith's contention that he detected the odor of alcohol on Appellant and that Appellant had been seen drinking at a nearby bar shortly before the crash. *Id.* Therefore, Trooper Higgins averred in his affidavit that there was probable cause to believe that Appellant's medical records would help determine if he was the operator of the vehicle and intoxicated at the time of the crash. *Id.*

On July 18, 2012, Trooper Higgins applied for and was granted a search warrant for the complete medical records of Appellant for the period

of treatment when he was a patient at Altoona Hospital beginning on July 11, 2012. The application for this search warrant was identical to one for the July 16, 2012 warrant for Elk Regional Health Center. Due to the acquisition of both search warrants, Appellant's requested medical records revealed that he had a blood alcohol content ("BAC") of .261. N.T. 12/10/14, at 167-68. Prior to trial, Appellant filed an omnibus pretrial motion on April 26, 2013, seeking to suppress evidence obtained from his medical records and a hearing was held on June 11, 2013. The trial court denied Appellant's motion on October 3, 2013, finding that the search warrants issued to obtain Appellant's medical records were supported by probable cause.

On January 2, 2014, Appellant filed a second motion *in limine* seeking to preclude the testimony of expert witness Corporal Kurtis Rummel of the Pennsylvania State Police. Specifically, Appellant objected to Corporal Rummel's testimony regarding his conclusion that Appellant was the operator of the vehicle at the time of the crash. On January 27, 2014, the trial court conducted a hearing. In a March 25, 2014 order, the court denied Appellant's motion, concluding that Corporal Rummel's opinion was admissible and would not preclude the factfinder from accepting or rejecting the conclusion that Appellant was the operator of the vehicle.

Appellant was first tried before a jury on June 24-26, 2014, but that jury was unable to reach a verdict and a mistrial was declared. On July 11,

2014, Corporal Rummel applied for and obtained an additional search warrant for the vehicle in question. Corporal Rummel's affidavit of probable cause in support of his search warrant application listed his training and experience, his observations of physical evidence at the scene of the crash, and his consideration of the injuries sustained by both Appellant and Decedent. Trial Ct. Op., 11/24/14 at 3-4. Corporal Rummel specifically requested that "the search warrant be granted for the purpose of additional forensic mapping and measuring of the interior/exterior of the vehicle that was involved in this collision for the purpose of relating damage and its location to the occupants to assist in the determination of where each person within the vehicle was seated." *Id.*

Prior to his second trial, on September 10, 2014, Appellant filed a supplemental omnibus pre-trial motion seeking to suppress evidence obtained from this additional search. After the trial court held a hearing on October 1, 2014, Appellant's motion was denied on November 24, 2014. The court specifically determined that the vehicle had been lawfully removed from the accident scene and properly secured at the impound lot. *Id.* at 7.

On December 10-12, 2014, Appellant was tried a second time before a jury. After being convicted of the above referenced charges, Appellant was sentenced to an aggregate period of incarceration of four to nine years' imprisonment on March 5, 2015. Appellant did not file a post-sentence motion and this timely appeal followed. Appellant filed a court ordered

Pa.R.A.P. 1925(b) statement and the trial court filed a responsive Pa.R.A.P.

1925(a) opinion. On appeal, Appellant raises the following issues:

> Whether the application for a search warrant contained insufficient information necessary to be considered probable cause when blood was taken from the [A]ppellant[?]
>
> Whether the trial court erred in not granting objections during trial as to corporal Rummel's testimony relating to a second warrant to search the vehicle resulting from a second warrant[?]
>
> Whether the court erred in permitting Pennsylvania state police corporal Kurtis Rummel after he was declared an expert for reconstruction, to testify as to his opinion about the vehicle operator, and whether that individual had control of the vehicle[?]
>
> Whether the trial court erred by not granting the [A]ppellant's demurrer when requesting a judgment of acquittal at the close of the [C]ommonwealth's case, as this case is primarily the identity of the vehicle's operator and this case included evidence for interpretation that would have produced reasonable doubt[?]

Appellant's Brief at iv.[7]

In his first two issues, Appellant argues that the trial court erred by

denying his motions to suppress evidence obtained via search warrants.

Appellant claims, in his first issue, that the search warrants used to obtain

Appellant's medical records, and most specifically his BAC results, were not

supported by probable cause. He contends that the identical affidavits of

probable cause failed to specify what specific medical results were

_____

[7] Appellant's issues on appeal have been reordered for ease of disposition.

requested, why Appellant's BAC results were necessary,[8] and why Appellant's medical records would aid in the investigation.

In his second issue, Appellant avers that the search warrant obtained to re-examine the subject vehicle was not supported by probable cause because the information contained within the affidavit of probable cause was stale. He contends that the information was stale because the Pennsylvania State Police had plenty of time previously to examine the evidence. Appellant also baldly asserts that his vehicle was improperly seized from the accident scene but presents no legal authority in support of this contention.

We begin by noting our standard of review:

> Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. The suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review. ***Commonwealth v. Jones***, 605 Pa. 188, 988 A.2d 649, 654 (2010) (citations, quotations, and ellipses omitted). Moreover, appellate courts are limited to reviewing only the evidence presented at the suppression hearing when examining a

---

[8] To the extent Appellant currently argues that his blood was improperly drawn without his consent, we note that such argument was not raised before the trial court and is therefore waived. Pa.R.A.P. 302(a).

ruling on a pre-trial motion to suppress. *See In re L.J.*,
622 Pa. 126, 79 A.3d 1073, 1083–1087 (2013).

*Commonwealth v. Mathis*, 125 A.3d 780, 783 (Pa. Super. 2015), *appeal granted*, 134 A.3d 51 (Pa. 2016).

Article I, Section 8 of the Pennsylvania Constitution vests individuals with the right to be free from unreasonable searches and seizures stating in pertinent part: "no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause[.]" Pa. Const. art. I, § 8. Generally, the protection provided under Article I, Section 8 extends to areas where an individual has an expectation of privacy, such as medical records. *Commonwealth v. Ruey*, 892 A.2d 802, 808 (Pa. Super. 2006).

When reviewing whether sufficient probable cause supported the issuance of a search warrant, we adhere to the following precepts:

> The standard for evaluating whether probable cause exists for the issuance of a search warrant is the totality of the circumstances test as set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983) and adopted by the Pennsylvania Supreme Court in *Commonwealth v. Gray*, 509 Pa. 476, 484, 503 A.2d 921, 925 (1985). *Commonwealth v. Jones*, 542 Pa. 418, 424, 668 A.2d 114, 116 (1995). A magistrate is to make a practical common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. . . . In reviewing the validity of a search warrant, the reviewing court is limited to determining whether there is substantial evidence supporting the issuing authority's decision to approve the warrant.

***Commonwealth v. Hawkins***, 45 A.3d 1123, 1127 (Pa. Super. 2012) (some citations and internal quotations omitted). Further, we note that "[n]o search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. . . . The issuing authority, in determining whether probable cause has been established, may not consider any information outside the affidavit." Pa.R.Crim.P. 203(B).

Regarding the timing of information used to support an affidavit of probable cause:

> Settled Pennsylvania law establishes that stale information cannot provide cause in support of a warrant. In particular:
>
> > Age of the information supporting a warrant application is a factor in determining probable cause. If too old, the information is stale, and probable cause may no longer exist. Age alone, however, does not determine staleness. The determination of probable cause is not merely an exercise in counting the days or even months between facts relied on and the issuance of the warrant. Rather, we must also examine the nature of the crime and the type of evidence.

***Commonwealth v. Janda***, 14 A.3d 147, 158-59 (Pa. Super. 2011) (citations omitted).

In this case, as aptly noted by the trial court, the affidavit of probable cause submitted by Trooper Higgins in support of the application for search warrants to obtain Appellant's relevant medical records set forth sufficient facts to establish the requisite probable cause. **See** Trial Ct. Op., 10/3/13,

at 7. Trooper Higgins, an officer with over ten years' experience, observed that Appellant was only one of two injured persons found at the accident scene. *Id.* at 2. Further, the first person to arrive at the scene reported that Appellant was found lying across the front seat of the car and had to be helped out of the vehicle. *Id.* In addition, the affidavit also stated that Trooper Faith had observed Appellant at the scene and had detected an odor of alcohol emanating from Appellant. *Id.* Accordingly, Trooper Higgins asserted that the information contained in Appellant's medical records for the time directly after the crash would help determine if Appellant was operating the vehicle while intoxicated at the time of the crash.

Considering the totality of the circumstances, we conclude that the trial court properly found that ample probable cause supported the search warrants used to acquire Appellant's medical records. *See Hawkins*, 45 A.3d at 1127. A common-sense view of the contentions presented within the four-corners of the affidavits established that physical evidence at the crash scene provided probable cause that (1) Appellant was likely the driver during the crash and was likely intoxicated, and (2) the medical records, including the toxicology report, would likely provide evidence thereof. *See id.*; *see also* Pa.R.Crim.P. 203(B). Therefore, Appellant's first issue on appeal must fail.

Turning to Appellant's second issue, we conclude that the trial court properly considered Corporal Rummel's affidavit and correctly decided that

probable cause supported the search warrant utilized to re-examine Appellant's vehicle. *See* Trial Ct. Op., 11/24/14, at 7. Contrary to Appellant's contention, the information contained in Corporal Rummel's affidavit was not stale. Corporal Rummel presented evidence that Appellant's vehicle had been involved in the crash and that the vehicle had been securely impounded after the crash. *Id.* at 2. Further, Corporal Rummel indicated that additional forensic mapping and measuring of the interior/exterior of the vehicle would assist in the determination of where each person was sitting in the vehicle. *Id.* at 2-3. As the trial court emphasized, the length of time between the vehicle accident and the warrant application did not render the information in Corporal Rummel's affidavit "stale" because the vehicle had been impounded and secured, thus greatly reducing any potential for spoliation of the evidence. Therefore, considering the totality of the circumstances, we conclude that probable cause supported the application for the search warrant utilized for the re-examination of Appellant's car. *See Hawkins*, 45 A.3d at 1127; *Janda*, 14 A.3d at 158-59. Accordingly, Appellant's second issue on appeal also lacks merit.[9]

---

[9] We note that Appellant asserts, within his second issue, that his vehicle was improperly seized from the accident scene. However, Appellant fails to develop his argument via any citation to the record or to a single legal authority. Therefore, his argument regarding the seizure of his car is waived. *See* Pa.R.A.P. 2101.

In his third issue, Appellant broadly argues that the trial court erred by not sustaining his objection to Corporal Rummel's expert testimony regarding his opinion that Appellant was the operator of the vehicle. Appellant presents a general argument, unsupported by legal citation, wherein he plainly asserts that Corporal Rummel was unqualified to testify that Appellant was the operator of the vehicle and that such testimony was improper because the ultimate issue was thereby "taken away from the jury." Appellant's Brief at 6.

In cases involving the admission of expert testimony we note:

> Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion. An expert's testimony is admissible when it is based on facts of record and will not cause confusion or prejudice.

*Commonwealth v. Huggins*, 68 A.3d 962, 966 (Pa. Super. 2013) (citation omitted).

In addition, it is beyond cavil that "when expert opinion evidence is admitted, the factfinder is free to reject it, accept it, or give it some weight between the two." *Commonwealth v. Stephens*, 74 A.3d 1034, 1041 (Pa. Super. 2013) (citation omitted). Moreover, the Pennsylvania Rules of Evidence provide that "[a]n opinion is not objectionable just because it embraces an ultimate issue." Pa.R.E. 704.

As a prefatory matter, Appellant's failure to develop his argument and to provide any legal citation in support thereof, results in waiver under the

Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2101 (when the defects in the Appellant's brief are substantial "the appeal or other matter may be quashed or dismissed"). This Court has held "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006) (citation omitted). Thus, Appellant's third issue is waived. *See id.*

Moreover, even if we were not to conclude that waiver is appropriate, Appellant's thinly developed issue is devoid of merit. The trial court was well within its purview when finding that Corporal Rummel was qualified to testify regarding whether Appellant was the operator of the vehicle in question during the crash. Corporal Rummel testified regarding his twenty-two years of experience with the Pennsylvania State Police and his over six years of advanced experience as an officer specifically trained to be a member of the Collision Analysis and Reconstruction Section Unit. N.T., 12/11/14, at 203-04. As a member of that unit, Corporal Rummel was specifically trained to, *inter alia*, identify roadway evidence and determine how occupants of a vehicle will move inside that vehicle in the event of a collision. *Id.* at 108, 113. Moreover, as noted by the trial court, Corporal Rummel testified that the basis for his opinion was rooted in his experience and in the facts of record. *See id.* at 208; Trial Ct. Op., 9/18/15, at 3. Specifically, Corporal

Rummel confirmed that he considered Appellant's injuries and medical records, the damage to the vehicle observed and recorded by forensic mapping, and the location where Decedent was found at the initial crash scene. N.T. 12/11/14, at 208-12.

Thus, the trial court properly determined that Corporal Rummel's expert testimony, having been based on his expertise and the facts of record, was admissible. **See Huggins**, 68 A.3d at 966. Further, the fact that Corporal Rummel's testimony concerned a critical fact in dispute in this case was of no moment because Pennsylvania Rule of Evidence 704 provides that such testimony regarding the ultimate issue in contention is admissible. Pa.R.E. 704. Therefore, Appellant's third issue on appeal also lacks merit.

In his fourth issue, Appellant presents a woefully underdeveloped sufficiency of the evidence argument.[10] Appellant does not cite to the record, provides a very scant reference to legal authorities, and sets forth almost no argument. Instead, Appellant simply baldly asserts that "the identity of the vehicles operator is necessary for the Commonwealth to convict the Appellant of Homicide by Vehicle and Driving After Imbibing."

---

[10] Although Appellant purports to challenge the trial court's denial of his "demurrer when requesting a judgment of acquittal at the close of the Commonwealth's case," the proper procedure for such a claim lies in a challenge to the sufficiency of the evidence. **See Commonwealth v. Zambelli**, 695 A.2d 848, 849 n.1 (Pa. Super. 1997) (holding "when a defendant does not rest following a denial of a demurrer, but instead presents a defense, the correctness of the ruling on the demurrer is not preserved for appellate review, the proper procedure is to challenge the sufficiency of evidence").

Appellant's Brief at 11. Accordingly, he has waived this issue. **_See_**

Pa.R.A.P. 2101; **_Commonwealth v. Gibbs_**, 981 A.2d 274, 281 (Pa. Super.

2009) (holding sufficiency of the evidence claim waived where appellant

failed to set forth the elements of the crimes he was challenging and failed

to cite to legal authority). Moreover, even if he had not waived this issue,

Appellant's claim that the Commonwealth did not present sufficient evidence

of his identity as the driver of the vehicle during the crash is belied by the

record.

When examining a challenge to the sufficiency of the evidence, our

standard of review is well settled:

> The standard we apply in reviewing the sufficiency of the
> evidence is whether viewing all the evidence admitted at
> trial [] in the light most favorable to the verdict winner,
> there is sufficient evidence to enable the fact-finder to find
> every element of the crime beyond a reasonable doubt. In
> applying the above test, we may not weigh the evidence
> and substitute our judgment for the fact-finder. In
> addition, we note the facts and circumstances established
> by the Commonwealth need not preclude every possibility
> of innocence. Any doubts regarding a defendant's guilt
> may be resolved by the fact-finder unless the evidence is
> so weak and inconclusive that as a matter of law no
> probability of fact may be drawn from the combined
> circumstances. The Commonwealth may sustain its
> burden of proving every element of the crime beyond a
> reasonable doubt by means of wholly circumstantial
> evidence. Moreover, in applying the above test, the entire
> record must be evaluated and all evidence actually
> received must be considered. Finally, the finder of fact[,]
> while passing upon the credibility of witnesses and the
> weight of the evidence produced is free to believe all, part
> or none of the evidence.

***Commonwealth v. Talbert***, 129 A.3d 536, 542-43 (Pa. Super. 2015) (citation omitted).

In this case, viewing all the evidence in the light most favorable to the Commonwealth as the verdict winner, sufficient evidence supported the conclusion that Appellant was the driver of the vehicle at the time of the crash. ***See id.*** Testimony established that Appellant was found at the crash site with his legs lodged in the driver's side of the front passenger compartment. Further, expert testimony was presented which supported the contention that Appellant was the driver. Corporal Rummel testified that based on his experience as a member of the Collision Analysis and Reconstruction Section Unit, Appellant's injuries, the damage to the vehicle observed and recorded by forensic mapping, and the location where Decedent was found at the initial crash scene, all indications are that Appellant was the driver. Accordingly, Appellant's fourth issue also must fail and we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2016