J. S02005/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                                          :            PENNSYLVANIA
               v.               :
                                            :
RASHEEN BROWN,              :          No. 1372 EDA 2017
                                            :
         Appellant      :

Appeal from the PCRA Order, May 16, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0011871-2010

BEFORE:  GANTMAN, P.J.E., KUNSELMAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED MAY 10, 2019**

Rasheen Brown appeals from the May 16, 2017 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts and procedural history of this case, as summarized by a prior panel of this court on direct appeal, are as follows:

> In September of 2011, a jury convicted [a]ppellant of [indecent assault of a person less than 13 years of age and endangering the welfare of children[1]] based on evidence that he sexually abused his 11-year-old stepdaughter [(hereinafter, "victim")].  Appellant was initially sentenced to 6 to 14 months' incarceration, but the court later granted his motion for reconsideration and resentenced him to a term of time-served to 23 months' incarceration (with immediate parole to house arrest), followed by

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7) and 4304(a), respectively.

5 years' probation[, on April 30, 2012.[2]] Appellant did not file a direct appeal.

However, [a]ppellant subsequently filed a [PCRA petition], seeking the reinstatement of his direct appeal rights. The PCRA court granted that petition and [a]ppellant filed a timely notice of appeal ***nunc pro tunc***. On September 6, 2013, the [PCRA] court issued an order directing [a]ppellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant filed an untimely Rule 1925(b) statement on September 30, 2013.[Footnote 1]

> [Footnote 1] Because the trial court issued a Rule 1925(a) opinion adequately addressing the issue raised by [a]ppellant herein, the untimeliness of [a]ppellant's concise statement does not necessitate remand under Rule 1925(c)(3). ***See*** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been ***per se*** ineffective, the appellate court shall remand for the filing of a Statement ***nunc pro tunc*** and for the preparation and filing of an opinion by the judge."); ***Commonwealth v. Burton***,

---

[2] Specifically, the trial court's April 30, 2012 order states as follows:

> AND NOW, to wit, this 30th day of April, 2012, [it] is hereby ORDERED AND DECREED that [appellant] is sentenced as follows: Time in to twenty[-]three months, [appellant] is to be released from custody at ASD immediately, he is to have immediate parole. Upon release [appellant] is directed to House Arrest and he will be provided with an electronic monitor. To be followed by five (5) years['] reporting probation. [Appellant] is permitted to go to Medical Appointments as needed and religious services only.

Trial court order, 4/30/12.

> 973 A.2d 428, 433 (Pa.Super. 2009) (holding that despite the mandate of Rule 1925(c)(3), "if there has been an untimely filing [of a Rule 1925(b) statement], this Court may decide the appeal on the merits if the trial court had adequate opportunity to prepare a decision addressing the issues being raised on appeal").

*Commonwealth v. Brown*, No. 2404 EDA 2013, unpublished memorandum at 1-2 (Pa.Super. filed December 31, 2014).

On December 31, 2014, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *Id.* On September 21, 2015, appellant filed a timely PCRA petition alleging that his trial counsel[3] was ineffective for failing to object to the trial court's jury instruction on indecent assault of a person less than 13 years of age. (*See* PCRA petition, 9/21/15 at 2, 4-5.)[4] The Commonwealth filed an answer to appellant's PCRA petition on May 12, 2016. Appellant, in turn, filed a supplemental PCRA petition on November 29, 2016. Thereafter, on March 16, 2017, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing. Appellant subsequently filed a notice of appeal on April 24, 2017. On May 16, 2017, the PCRA court dismissed appellant's petition without a

---

[3] Appellant was represented at trial by Andres Jalon, Esq.

[4] Appellant's PCRA petition does not contain pagination; for the ease of our discussion, we have assigned each page a corresponding number.

hearing. Although not ordered to do so, appellant filed a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b) on August 3, 2017. On March 29, 2018, this court was notified that the Honorable Earl Trent is no longer sitting on the bench and that no opinion will be forthcoming.[5, 6]

Appellant raises the following issue for our review:

> Did trial counsel's failure to object and request a correction to the trial court's incomplete and incorrect charge as to count four of docket CP-51-CR-0011871-2013, Indecent Assault of a Person Less than Thirteen Years of Age, 18 Pa.C.S.A. § 3126(a)(7), constitute ineffective assistance of counsel; and, if so, should the judgment of sentence as to that charge be vacated?

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's

---

[5] Appellant's appeal is properly before us. *See* Pa.R.A.P. 905(a)(5) ("[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry on the day thereof.").

[6] We note that in order to be eligible for PCRA relief, a PCRA petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S.A. § 9543(a)(1)(i); *Commonwealth v. Williams*, 977 A.2d 1174 (Pa.Super. 2009), *appeal denied*, 990 A.2d 730 (Pa. 2010). The docket reflects that appellant is still serving his sentence, as his probation was revoked on November 9, 2015 following his guilty plea to insurance fraud at CP-51-CR-0007456-2015 and he was sentenced to additional 4 years' probation on the instant matter.

findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Where the PCRA court has dismissed a petitioner's petition without an evidentiary hearing, as is the case here, we review the PCRA court's decision for an abuse of discretion. ***See Commonwealth v. Roney***, 79 A.3d 595, 604 (Pa. 2013), ***cert. denied***, ___ U.S. ___, 135 S.Ct. 56 (2014) (citation omitted). Moreover,

> the right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support [in] either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Wah***, 42 A.3d 335, 338 (Pa.Super. 2012) (internal citations omitted).

Here, appellant's sole contention on appeal concerns the purported ineffectiveness of trial counsel. To prevail on a claim of ineffective assistance

of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). We apply a three-pronged test for determining whether trial counsel was ineffective, derived from the test articulated by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 687 (1984), and as applied in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987). **Commonwealth v. Simpson**, 66 A.3d 253, 260 (Pa. 2013).

> The **Pierce** test requires a PCRA petitioner to prove: (1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced — that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different.

**Id.**, citing **Pierce**, 527 A.2d at 975.

"[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." **Commonwealth v. Ousley**, 21 A.3d 1238, 1242 (Pa.Super. 2011), **appeal denied**, 30 A.3d 487 (Pa. 2011) (citation omitted). Additionally, we note that counsel cannot be found ineffective for failing to raise a claim that is devoid of merit. **See Commonwealth v. Ligons**, 971 A.2d 1125, 1146 (Pa. 2009).

Appellant contends that trial counsel was ineffective for not objecting to and not requesting a correction of the trial court's jury instruction on indecent

assault of a person less than 13 years of age. (Appellant's brief at 8.) Appellant avers that trial counsel should have objected to the trial court's jury instruction because it failed to define the term "indecent contact." (*Id.* at 8-10.)

> [W]hen evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper. We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration. Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error.

*Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa.Super. 2014) (citations and bracket omitted), *appeal denied*, 95 A.3d 275 (Pa. 2014)

Here, the trial court instructed the jury on the charge of indecent assault of a person less than 13 years of age as follows, tracking, in part, Pennsylvania Standard Jury Instruction § 15.312C:

> The defendant has been charged with indecent assault of a child. To find the defendant guilty of this offense, you must find that the following two elements have been proven beyond a reasonable doubt.
>
> First, that the defendant has indecent contact with [victim] or caused [victim] to have indecent contact with the defendant. Second, that [victim] was less than 13 years old.

Notes of testimony, 9/21/11 at 241-242; *see also* Pa.SSJI § 15.312C. On the second day of deliberations, the court reiterated its instruction regarding

the offense of indecent assault of a person less than 13 years of age. (*See* notes of testimony, 9/22/11 at 7-8.)

"Indecent contact" is defined by statute as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101. Although appellant is correct that the trial court's indecent assault instruction did not explicitly define the term "indecent contact," we find that appellant has failed to prove he was prejudiced by trial counsel's failure to object to the charge on this basis. "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted).

Instantly, appellant contends that "it is very likely that the jury would not have [found appellant guilty of] . . . indecent assault of a child had they been instructed that the crime 'requires a sexual intent or purpose.'" (Appellant's brief at 10.) Contrary to appellant's contention, however, all of the alleged criminal conduct was sexual in nature, thereby precluding such a distinction. Moreover, the term "indecent contact" is clear and unambiguous and can be discerned by the term's common usage. *See Commonwealth v. Zambelli*, 695 A.2d 848, 849 (Pa.Super. 1997) (stating that, "where language of a statute is clear and unambiguous, it must be given effect in accordance

with its plain and common meaning." (citations omitted)). Here, the jury heard considerable evidence that appellant repeatedly sexually abused the minor victim by fondling her breasts and buttocks with his hands, behavior that ultimately escalated to allegations that he vaginally raped her on several occasions.[7] (**See** notes of testimony, 9/20/11 at 27-33.) Appellant's actions were undoubtedly indecent contact according to the common usage of the term. Thus, even if trial counsel had objected to and/or requested a correction of the trial court's jury instruction to define the term "indecent contact," appellant has not demonstrated "a reasonable likelihood the outcome of the proceedings would have been different." **See Simpson**, 66 A.3d at 260 (citation omitted).

We need not consider every prong of the **Strickland**/**Pierce** test when one prong has not been satisfied, as is the case here. **Commonwealth v. Spotz**, 84 A.3d 294, 319 (Pa. 2014) (stating, "[a]bsent a showing of such prejudice, the claim of ineffectiveness fails, regardless of whether counsel lacked a 'reasonable basis.'"). Accordingly, we conclude that appellant's ineffectiveness claim warrants no relief.

Order affirmed.

---

[7] The jury failed to reach a verdict with respect to appellant's rape, sexual assault, and indecent exposure charges, and the Commonwealth **nolle prosequied** those charges.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/10/19