People v Tavares (2025 NY Slip Op 51811(U))

[*1]

People v Tavares (Joaquin)

2025 NY Slip Op 51811(U)

Decided on November 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

570222/21

The People of the State of New York, Respondent,
against
Joaquin Tavares, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Jeffrey M. Zimmerman, J.), rendered October 14, 2021, convicting him, upon his plea of guilty, of criminal mischief in the fourth degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Jeffrey M. Zimmerman, J.), rendered October 14, 2021, affirmed.
The accusatory instrument charging criminal mischief in the fourth degree (see Penal Law § 145.00 [1]), assessed under the standard applicable to an information (see People v Hatton, 26 NY3d 364, 368 [2015]), was jurisdictionally valid because it set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof" (People v Wheeler, 34 NY3d 1134, 1135 [2020] [internal quotation marks and citation omitted]). The instrument recited that on multiple occasions over a specified two-week period, defendant was observed, via surveillance video, "setting fire to one trashcan" and "two vehicles," causing one vehicle "to erupt in flames," and "break[ing] the front and rear windows of nine (9) vehicles parked" in front of 1680 Carter Avenue. The instrument further stated that complainant Juan Hernandez, the "lawful custodian" of the vehicles, did not give defendant "permission or authority to cause damage to the aforementioned vehicles."
Based on these facts, a fact-finder could certainly infer from the surrounding circumstances that defendant did not have the owners' permission to damage the property at issue (see Matter of Leon B., 32 AD3d 796 [2006], lv denied 8 NY3d 803 [2007]; see also People v Borrero, 26 NY2d 430, 435-436 [1970]; Matter of Kevin B., 128 AD2d 63, 70 [1987], affd sub nom. Matter of Timothy L., 71 NY2d 835 [1988]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 19, 2025